In re STATE BANK OF BEAVER COUNTY.

MALIA, State Bank Commissioner, v. STATE
BANK OF BEAVER COUNTY et al.

No. 5389.   Decided March 7, 1934.   (30 P. [2d] 217.)

*Sam Cline*, of Milford, for appellant.

*Claude F. Baker*, of Eureka, for respondents.

STRAUP, C. J.

This case in most respects is similar to the case of *Hadlock* v. *State Bank of Millard County* (Utah) 30 P. (2d) 211, just decided. It likewise is a case wherein the Commissioner filed a partial report to be approved by the court in respect of compensations and salaries of examiners, assistants, stenographers, etc., and expenses incurred in liquidation of the State Bank of Beaver County and where on hearing had the court disapproved the compensation and salary of the examiners, and one of the assistants, as fixed by the commissioner, and disapproved a certain item of expense asked to be apportioned to the Beaver bank.

The appeal involves several reports filed by the commissioner relating to the liquidation of the Beaver bank which was taken over by the state bank commissioner February 23, 1932, and in process of liquidation. The first report filed for approval, among other things, related to the compensation fixed by the commissioner to be paid the examiners, assistants, etc., and expenses incurred, from February 23 to and including March 31, 1932. In such report compensation was asked for $200 a month to be paid an all-time local examiner and $125 for the general or supervisory examiner, $175 for a special assistant for a limited time, and $85 for a stenographer. Notice was given of the hearing of the report, and on April 21, 1932, the report was approved by the court. However, on the next day, without notice or other proceeding, such order of approval was modified allowing only $60 a month for the general examiner. Thereafter on May 2nd the order of approval was set aside and a further hearing had which resulted in approving the report as filed except as to the compensation of the all-time examiner, which was disapproved as being unreasonable, the court indicating that such compensation should be not more than $175 a month. The compensation of $125 a month for the general examiner was disapproved as being unreasonable, the court indicating that he would not allow more than $75 a month.

Thereafter a second report of the commissioner was filed for approval covering the period from March 15 to July 15, 1932. In that report the commissioner among other items of costs and expenses asked for an allowance of $175 a month for the all-time examiner, $75 a month for the general examiner, $100 a month for a special assistant, and $85 a month for a stenographer. Protests were filed by the bank and depositors challenging each and every item contained in the report upon the ground that the compensation, salaries, and expenses asked to be approved were unreasonable, excessive, and unnecessary. A hearing was had upon the report, and evidence with respect thereto adduced on behalf of the commissioner and of the report, but no evidence was given on behalf of the protestants. At the conclusion of the hearing the court made findings disapproving (1) the compensation of the all-time examiner for $175 a month and allowing only $130 a month; (2) disapproving the compensation of the general examiner at $75 a month and allowing only $50 a month; (3) disapproving the whole of the compensation for services of the special assistant; (4) disapproving certain items of attorney's fees amounting to $47.50; and (5) disapproving an item of $100 charged to the Beaver bank for part costs and expenses incurred by the bank commissioner in the case of *Riches* v. *Hadlock, State Bank Commissioner*, 80 Utah 265, 15 P. (2d) 283, wherein the commissioner was restrained from borrowing $150,000 from the Reconstruction Finance Corporation in liquidation of the Sugar Banking Company in Salt Lake county. As to the first and second items, the court disapproved the compensation on the ground that the compensation was unreasonable; the third and fourth were disapproved on the ground that the services were unnecessary; and the fifth, that the charge was improper and unlawful. In other particulars the report was approved. The commissioner likewise has prosecuted an appeal from the rulings disapproving the items referred to.

What was ruled by us in the case of *Hadlock, State Bank*

*Commissioner,* v. *State Bank of Millard County,* supra, concerning the power of the court in approving or disapproving reports and accounts of the bank commissioner fixing compensation and salaries and expenses incurred, etc., applies here and is reaffirmed. Much evidence was given on behalf of the commission by a number of witnesses well qualified by experience and knowledge to speak upon the subject that the services for which compensation was asked to be approved and as fixed by the commissioner were necessary and the compensation reasonable. No evidence of any kind was given on behalf of the protestants or any of them. Thus, on the record, the evidence adduced on behalf of the commissioner and of his report is uncontradicted. Aside from the question of the power of the court in disapproving compensation fixed by the bank commissioner, the disapprovals made by the court as to compensation fixed by the commissioner for services rendered and agreed to be paid by him are on the record not supported by and are against the undisputed evidence. Evidence was given to show, and not disputed, that for the first few months in liquidation of the bank a special assistant was necessary and reasons stated therefor, but that the services of such special assistant in the future were not necessary and would be dispensed with. Much evidence also was given to show that the services of an all-time examiner were necessary at the bank, and in addition thereto the services of a general examiner, the same general examiner referred to in the case of the Fillmore bank, and as to the reasonable value of such services; and the necessity of the service of a stenographer and the reasonable value thereof. All that was undisputed by any evidence.

The items of attorney's fees disapproved consisted of this: A half-day conference with the attorney on the question of a re-hearing of the order of the court disapproving the salary of the general examiner, $10; a half-day appearance in court on motion to set aside the

previous orders of the court, $17.50; a day spent in preparing a brief on the question of the court's power in reviewing the commissioner's action in fixing salaries and expenses, $20—a total of $47.50. Such items for legal services were disapproved upon the ground that the service was unnecessary and bore no relation to the liquidation. We think they were proper items of legal expense and should have been approved.

The item, however, of $100 charged to the Beaver bank as part costs and expenses incurred by the commissioner in the case of *Riches* v. *Hadlock, State Bank Commissioner,* supra, was properly disapproved and not allowed. There is not anything made to appear wherein the Beaver bank was interested or concerned in such litigation or in any manner participated therein. It is argued that, if it were established that the commissioner on order of the court was permitted to borrow money from the Reconstruction Finance Corporation with which to pay dividends to creditors, etc., the commissioner likewise could do so in liquidation of other insolvent banks taken over by him, and hence, if he had been successful, the ruling would have resulted to the advantage of all such banks. Such interest, if any, was entirely remote and not direct. Not anything is made to appear that it was desirous or advantageous to the Beaver bank to obtain a loan or that it was in position to obtain any. Had the holding in the Riches Case been that the court had power to authorize the commissioner to obtain the sought loan, it does not follow that the Reconstruction Finance Corporation would have considered the assets of the bank sufficient security to justify the loan, and, though the Corporation would have considered the pledged assets sufficient, yet it by no means follows that the Corporation would have made loans to all of the insolvent banks taken over by the commissioner or to the Beaver bank. It is apparent that, though the court had power to authorize loans, yet, on application of the Beaver bank for a loan, the court on conditions and circumstances made to appear for various reasons might have

declined the application for a loan, or, if authorized, the Reconstruction Finance Corporation for various reasons might have declined to make a loan.

We are thus clearly of the opinion that the attempt of the commissioner to apportion the costs and expenses incurred in the *Riches Case* to the Beaver bank was without foundation and was arbitrary and capricious. The disapproval of such item of expense was justified and in such particular the ruling is affirmed.

The disapprovals of the other items, were not justified, and hence the rulings in such particular are reversed. The case is therefore remanded for further proceedings in accordance with the views herein expressed. All taxable costs on appeal of both parties are to be paid out of the assets of the bank.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.