[No. 11995.  Department Two. — February 22, 1887.]

AUGUST HEILBRON ET AL., PETITIONERS, v. SUPE-
RIOR COURT OF TULARE COUNTY ET AL., RE-
SPONDENTS.

CONTEMPT — DISMISSAL OF PROCEEDINGS—MANDAMUS TO COMPEL PUNISH-
MENT. — Where a proceeding for an alleged contempt in violating an
injunction is dismissed by the Superior Court, on the ground that the
party proceeded against is not guilty, a writ of mandate will not lie to
review the order of dismissal, and to command the court to punish the
party for the alleged contempt.

APPLICATION for a writ of mandate.   The contempt in
question was alleged to consist in the violation of a judg-
ment enjoining the Last Chance Water and Ditch Com-
pany from interfering with certain water rights belonging
to the petitioners.   The further facts are stated in the
opinion of the court.

*Brown & Daggett*, for Petitioners.

*Atwell & Bradley*, for Respondents.

The COURT. — Application for writ of mandate to re-
view order of above-named court dismissing a proceeding
or contempt, and to command the court to punish the
party for the alleged contempt.

The court, after hearing the proceeding for contempt,
dismissed it, in effect holding that the party proceeded
against was not guilty.

It is clear to us that the court acted within its juris-
diction.   It construed the judgment out of an alleged
disobedience to which the proceeding for contempt had
its origin, and must have held that the judgment was
not disobeyed.   The court may have erred in its con-
struction of the judgment, but that would be error which
this court cannot pass on in this proceeding.

The application for the writ is denied and the proceed-
ing dismissed.   So ordered.