THE FULLER BUGGY COMPANY, Plaintiff, v. ADELBERT WALDRON et al., Defendants.

(Supreme Court, Schenectady Special Term, January, 1906.)

Costs — Amount — Term fees: Disbursements — Fees of witnesses — Service of papers.

> Where a case not noticed by plaintiff for trial goes over the term by reason of due service of an amended complaint, the term fee and witnesses' fees of the successful defendant are improperly taxed by the clerk.
>
> Witnesses' fees for the attendance at the trial of co-defendants who were not subpœnaed should not be allowed where it does not appear that they attended as witnesses and not as parties.
>
> In the absence of proof showing any peculiar necessity for personal service of an answer, an amended answer and an order upon the plaintiff's attorney, disbursements for such services should not be allowed.

THIS is a motion for retaxation.

N. B. Spalding, for motion.

James A. Leary, opposed.

KELLOGG, H. T., J. (1) A term fee for the Warren Term, held in June, 1905, was taxed. From the affidavits filed with the clerk upon taxation, it appears that the action was not tried at the June Term because not at issue, the plaintiff having served an amended complaint after the notice of trial. Although asserted in the defendants' brief, it does not appear in the proof given before the county clerk that the plaintiff noticed the cause for trial and thereby estopped himself from denying that the same was necessarily upon the calendar. In serving his amended complaint he was in the exercise of a legal right. The court could not have imposed terms for ordering the case over the term, for no favor

was thereby granted. The allowance of the ten dollars term fee was improper.

(2) Witness fees, amounting to nineteen dollars and ninety-two cents, were taxed by the clerk. The witnesses were codefendants of the successful defendant, Codney. Of the amount so taxed, five dollars and ninety-six cents was taxed for fees for their attendance at the June Term. The case was not tried at the June Term, and, therefore, these witnesses were not sworn. It does not appear that they were subpœnaed. If codefendants, their attendance at the June Term may have been because of their interest as parties. Fees for the June Term should not have been allowed. At the November Term, at which the trial was had, the defendant Waldron was subpœnaed before the opening of the Trial Term. Although a party to the action, he was actually compelled to attend as a witness, and the fact that he was so subpœnaed is sufficient to establish the necessity of the disbursements made to him as such. It does not appear that the defendant Ramsey was subpœnaed to attend the November Term. Therefore witness fees for his attendance, to wit, the sum of five dollars and thirty-eight cents, should not have been allowed, for he may have attended as a party and not as a witness, the contrary not appearing. Walker v. Russell, 16 How. Pr. 91.

(3) Disbursements for serving personally the answer, amended answer and an order upon the opposing attorney should not have been allowed. It is entirely possible that in some cases it might be necessary to serve such papers personally in order to obtain speedy trial or otherwise to protect the interests of a client. They are not, however, disbursements of such a nature that they prove their own necessity. No proof is given to show any peculiar necessity for personal service.

Items, therefore, amounting in all to twenty-four dollars and thirty-four cents were improperly taxed by the clerk. A retaxation should, therefore, be had and these items deducted. The motion is, therefore, granted, with costs.

Motion granted, with costs.