WOOLLEY et al. v. WIGHT, Judge.

No. 4303.  Decided August 20, 1925.  Rehearing denied September 12, 1925.  (238 P. 1114.)

1.  DEPOSITIONS—COURT MUST REQUIRE WITNESS TO TESTIFY OR SHOW CAUSE. Where witness failed to appear to testify on deposition after notice served under Comp. Laws 1917, §§ 7178, 7179, it was proper for the trial court to require witness to testify or show cause for refusing.

2.  COURTS—SUPREME COURT MAY ENFORCE BY MANDAMUS RIGHTS ESTABLISHED BY LAW. Supreme Court has jurisdiction to enforce by mandamus rights fairly and manifestly established

by law which have been been refused by an inferior tribunal.[1]

3. DEPOSITIONS—NOTICE SUFFICIENT TO SUMMON WITNESS WHO IS PARTY TO ACTION. In summoning a witness who is a party to the action, notice under Comp. Laws 1917, § 7179, is sufficient, and the additional service of a subpoena was merely cumulative.

4. MANDAMUS—WILL LIE TO REQUIRE JUDGE TO COMPEL WITNESS TO TESTIFY. Mandamus will lie to require judge to compel witness to testify on deposition after notice, whether or not it was actual contempt of court to refuse, as it was a plain palpable disregard of the law.

Mandamus by Ernest R. Woolley and others against L. B. Wight to compel respondent, as Judge of the District Court, to require witness to testify or show cause why he should not be punished for contempt.

WRIT GRANTED.

*Van Dam & Draper,* of Salt Lake City, and *Arthur Woolley,* of Ogden, for plaintiffs.

*Wilson, Loofbourow & Barnes,* of Salt Lake City, for defendant.

THURMAN, J.

This is a proceeding in mandamus. The plaintiffs are defendants in a case pending in the district court of Salt Lake county. They have filed their answer to the complaint of plaintiff. Since filing their answer one Nathaniel Baldwin, by leave of court, has filed a complaint in intervention, from which it appears that he is an interested party in said cause, and is the party for whose benefit the case is being prosecuted. The plaintiffs herein, as defendants in said cause, have not filed their answers to Baldwin's complaint, and

---

[1] *Ketchum Coal Co.* v. *Christensen,* 48 Utah, 214, 159 P. 541, distinguished.

Headnote 1.   18 C. J. p. 677.
Headnote 2.   15 C. J. p. 1121.
Headnote 3.   18 C. J. p. 1099 (Anno.).
Headnote 4.   38 C. J. p. 628.

have attempted to procure his deposition before filing their
answer.   For this purpose, on the 8th day of July, 1925,
plaintiffs herein, as defendants in said cause, served notice
upon said Baldwin and his attorneys that they would take
his deposition before G. B. Hartley, a notary public for Salt
Lake county, at the hour of 10 a. m. July 14, 1925.   At-
tached to the notice was the affidavit of E. R. Woolley, one
of the defendants in said action and plaintiff herein, showing
that Baldwin was a party to said action and was a necessary
witness for the defendants.   On the same date and as a
part of said proceeding, the clerk of said court issued a
subpœna in the usual form directed to Baldwin, command-
ing him to appear before said notary, specifically naming
him and designating his office or place of business, at 10
o'clock a. m. July 14, 1925, and to bring with him certain
books, records, and documents, particularly described in the
subpœna.

The notice and subpœna were personally served on Bald-
win on the 8th day of July, 1925, and at the same time his
per diem and mileage for attendance as a witness were tend-
ered to and received by him as provided by law.   Baldwin
failed to appear and attend as a witness at the time and place
designated in the notice and subpœna, and no excuse was
given by him for his failure to attend.   Upon his failure to
appear in pursuance of said notice, thereafter, on the 15th
day of July, 1925, the said E. R. Woolley filed an affidavit
with the clerk of said court, setting forth the above facts in
detail, and praying that Baldwin be adjudged guilty of con-
tempt and that an attachment issue against him; that he be
brought before the court to answer for his contempt in not
obeying the process of the court, and for general relief.
Thereafter, on the 16th day of July, 1925, the application of
Woolley for the relief prayed for in his affidavit came on for
hearing before the defendant, Hon. L. B. Wright, sitting as
a judge of the district court, and the application was denied.

It is alleged in plaintiffs' complaint filed herein that the
defendant, as judge of said court, refused to punish Baldwin
for contempt or to issue an attachment against his person or

to require him to appear and show cause why he should not be punished, or to require him to appear before said notary, G. B. Hartley, to give his deposition in said cause, and still refuses to make any order in the proceeding to compel obedience to said subpœna and the process of said court.

Such, in substance, are the facts upon which plaintiffs in the instant case base their application for a writ of mandate.

An alternative writ was issued. Defendant appeared by general demurrer, and also demurred to the jurisdiction of the court, and moved the court to quash the writ.

For their right of action in this proceeding plaintiffs rely on the following provisions of the statute, Comp. Laws Utah 1917, § 7178, which, as far as material here, reads:

"The testimony of a witness in this state may be taken by deposition in an action at any time after the service of the summons or the appearance of the defendant; and, in a special proceeding, after a question of fact has arisen therein in the following cases:

"1. When the witness is a party in the action or proceeding, or a person for whose immediate benefit the action or proceeding is prosecuted or defended."

Section 7179:

"Either party may have the deposition taken of a witness in this state, in either of the cases mentioned in the next preceding section, before a judge or officer authorized to administer oaths, on serving upon the adverse party previous notice of the time and place of examination, together with a copy of an affidavit, showing that the case is within that section. Such notice must be at least five days, adding also one day for every twenty-five miles of the distance of the place of examination from the residence of the person to whom the notice is given, unless, for a cause shown, a judge, by order, prescribe a shorter time. When the shorter time is prescribed a copy of the order must be served with the notice."

In support of the demurrer and motion to quash, defendant's counsel contend that this court is without jurisdiction because the defendant, as judge of the district court, had before him all the facts and the law applicable thereto and rendered his decision thereon; that the decision of a judicial tribunal, under such circumstances, is not subject to correction by a writ of mandate issued by a superior court, and in support thereof cite the following authorities: *Ketchum*

*Coal Co.* v. *Christensen, District Judge,* 48 Utah, 214-221, 159 P. 541; High on Extraordinary Legal Remedies (3d Ed.) §§ 149, 150, 154, and 155; *Ex parte Newman,* 14 Wall. 152, 20 L. Ed. 877; *Ex parte Burtis,* 103 U. S. 238, 26 L. Ed. 392; *American Casualty Co.* v. *Fyler,* 60 Conn. 448, 22 A. 494, 25 Am. St. Rep. 337; *Heilbron* v. *Superior Court,* 72 Cal. 96, 13 P. 160; *Spencer* v. *Lawler,* 79 Cal. 215, 21 P., 742; *State* v. *Horner,* 16 Mo. App. 191.

We refer to these authorities solely for the benefit of the reader if he chooses to examine them. They are not applicable to the case at bar. If the purpose of the proceeding before the defendant, as judge, had been solely to have Baldwin punished for contempt and the proceeding here was for the purpose of compelling the defendant, as judge, to punish Baldwin for contempt, we would then have before us a different question, and the authorities referred to by counsel might be more or less persuasive. The plaintiffs here, in the proceeding before the defendant judge, not only prayed that defendant punish Baldwin for contempt, but also prayed for such other relief as to the court might seem meet and proper.

It was meet and proper in that proceeding to at least require Baldwin to testify in response to the notice, or show cause for refusing. This, in our opinion, is the controlling question. The proposition that this court is without jurisdiction of the subject-matter because the defendant, as judge, considered the law and the facts and rendered a decision thereon only applies in cases where the inferior tribunal to whom the writ is directed has acted **1, 2** in matters within its discretion. It has no application in cases where it refuses to enforce a right clearly and manifestly established by law. The contention of defendant's counsel, carried to its logical sequence, would oust this court of jurisdiction in mandamus proceeding on practically every question decided by an inferior judicial tribunal, for such tribunals invariably pass upon questions of both law and fact in rendering their decisions. The contention of defendant's counsel upon this point can, therefore, have no application to the instant case.

party, and that the service of a subpœna was merely cumulative at most. The fact, therefore, that a subpœna was

Counsel for defendant further contend that, as the testimony was to be taken before a notary public, the clerk of the district court was without authority to issue the subpœna. In support of this view they cite and rely on Comp. Laws Utah 1917, § 7128, subd. 2, which contemplates that the subpœna shall be issued by the officer before whom the deposition is to betaken. It is doubtful if the statute applies to a proceeding of this nature. Here the testimony sought is that of a party who has appeared in the case and subjected himself to the jurisdiction of the court. The testimony sought is to be used in the very cause in which he has appeared. It appears to the court that, in such a case the usual and ordinary process of the court may be invoked to enforce a right clearly established by law. If this were a case in which the witness was a stranger to the proceeding, not before the court as a party, the contention of counsel might be entitled to serious consideration.

But eliminating entirely the service by subpœna, in the instant case plaintiffs appear to have complied with the literal terms of the statute which authorizes taking the deposition of a party. Section 7178, above quoted, recites the cases in which depositions may be taken. It will be conceded that Baldwin's relation to the case in the district court brought him within the literal terms of the statute. Section 7179 provides the method of procedure. It provides that the deposition may be taken before an officer authorized to administer oaths. A notary public is such an officer. It provides for serving notice on the adverse party of the time and place of examination, together with an affidavit showing that the case is within the terms of section 7178. It provides that the notice must be for at least five days before the examination unless the time is shortened by order of the court. Nothing is said about a subpœna in cases of this kind. Service of notice accompanied by proper affidavit is all that is required. The court is of opinion that the notice provided for in section 7179 is all that is necessary in taking the deposition of a

actually issued and served was not a matter of which
Baldwin could complain. The Legislature evidently
intended to provide a simple form of procedure entailing as
little burden and expense as possible upon the parties for
whose benefit the statute was enacted. In these circum-
stances, the court does not feel justified in indulging in
doubtful interpretations involving other statutes, and thereby
render the procedure complex and burdensome. The sections
quoted standing alone furnish an unerring guide, and plain-
tiffs proceeded in accordance therewith in their efforts to
procure the deposition in question.

It is, however, further contended by defendant's counsel
that, as the district court made no order in the premises,
there could therefore be no contempt of court.

We are not so much concerned as to whether or not there
was an actual contempt of court. There was, undoubtedly,
a plain palpable disregard of the law—a law enacted to
facilitate the administration of justice between litigants—a
law which conferred an absolute right upon any litigant
coming within its terms. The fact that plaintiffs here had
the right to take Baldwin's deposition, and that they
had proceeded strictly in accordance with the statute
in attempting to take it, and that Baldwin had refused
to appear, was brought to the attention of the defendant
judge by a proper proceeding, with a prayer for such relief
as was meet and proper. No relief whatever was granted,
but, on the contrary, relief was denied ,and there was no
plain, speedy, or adequate remedy at law. We are of opinion
that it is a proper case for a writ of mandate; that the honor-
able district judge, defendant here, had the power, and ,un-
der the circumstances, it was his duty, to direct Baldwin to
permit his deposition to be taken, and, in case of his refusal,
that he be cited to show cause why he should not be punished
for contempt.

The writ prayed for in the complaint is granted, without
costs against the defendant.

GIDEON, C. J., and FRICK, CHERRY, and STRAUP,
JJ., concur.