## CROWTHER et al. v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 5668.   Decided February 3, 1936.   (54 P. 2d 243.)

Rehearing denied January 4, 1937.

*D. N. Straup* and *Willard Hanson,* both of Salt Lake City, for plaintiffs.

*Ralph T. Stewart,* of Salt Lake City, for defendants.

ELIAS HANSEN, Chief Justice.

Plaintiffs have filed in this court a verified petition for a writ of prohibition whereby they seek to permanently prohibit the district court of Salt Lake county, Utah, and Hon. Herbert Schiller, one of the judges thereof, from further proceeding in a cause wherein the plaintiffs herein were cited to appear before the district court and show cause why they should not be punished for contempt. The contempt proceedings which are here brought in question, as appears from the petition for the writ, grow out of the following facts: An action in which D. H. Oliver was plaintiff and petitioners L. C. Crowther and Charles Jorgenson, together with others, were defendants, was pending in the district court of Salt Lake county, Utah. Petitioner Willard Hanson was one of the attorneys of record for the defendants in that action. On February 8, 1935, one of the attorneys for plaintiff in the action so pending in the district court served written notice upon petitioner Willard Hanson, in which notice it was stated that plaintiff intended to take the depositions of petitioners L. C. Crowther and Charles Jorgenson on Saturday, February 16, 1935, at a time and place and before a notary public specified in the notice. Neither plaintiffs' attorney nor Mr. Hanson, of counsel for defendants, served notice on either L. C. Crowther or Charles Jorgenson that their depositions were to be taken. They did not appear before the notary public and their depositions were not taken. On February 19, 1935, Mr. Oliver filed a petition in the cause pending in the district court wherein it in substance

was alleged that on February 8, 1935, he caused to be served upon Messrs. Crowther and Jorgenson and upon their attorney of record a notice of intention to take their depositions, and that they failed to appear at the time and place mentioned in such notice. In his petition plaintiff prayed that "an order to show cause forthwith issue requiring said named defendants, and each thereof, to appear before the court, then and there to show cause, if any they have, why they should not be required to forthwith submit to examination before a commissioner appointed by the court prior to the commencement of the trial of said cause." Pursuant to such petition an order was issued directing that they appear before the court on February 21, 1935, at 2 o'clock p.m. and "show cause why you should not be required to forthwith submit to examination by deposition in accordance with the statutes of the state of Utah, and why such order should not be made requiring them to so appear." Pursuant to the order to show cause Messrs. Crowther and Jorgenson appeared. They were represented by counsel. At the hearing had on the order to show cause they expressed their willingness to have their depositions taken provided their witness and mileage fees were paid. Apparently some controversy was had at the hearing as to whether or not the notice of intention to take the depositions served upon Mr. Hanson, of counsel for defendants, was a valid service upon the defendants. At the conclusion of the hearing the court made and entered an order in which, among other matters, it was held that the service of notice of intention to take the deposition of defendants was a sufficient service on them although served upon their attorney; that the defendants unconditionally refused to appear to have their depositions taken; that their demand for witness fees was made after they refused to testify, and therefore comes too late. The court ordered Messrs. Crowther and Jorgenson to appear and testify before a notary public at a time and place to be agreed upon by counsel for plaintiffs and defendants, or upon failure of counsel to agree that the court upon proper appli-

cation would fix a time and place for the taking of the depositions. On February 28, 1935, the court made and entered an order directing that Messrs. Crowther and Jorgenson "appear before Hon. Pearle M. Bachle, a Notary public, at 1105 Continental Bank Building, Salt Lake City, County and State aforesaid, on Friday the 1st day of March A. D. 1935, at 3:00 o'clock P. M. of that day then and there to appear and testify before Pearle M. Bachle." The order was served upon Messrs. Crowther and Jorgenson, who upon being so served demanded their witness fees and informed the officer serving the order that they would appear and give their testimony if their witness fees were paid. Upon being so served Messrs. Crowther and Jorgenson asked the advice of their attorney Mr. Hanson if they were required to appear and give their testimony if their witness fees were not paid. Mr. Hanson advised them that in his opinion they need not appear unless their witness fees were paid. Messrs. Crowther and Jorgenson again failed to appear. Thereafter, on or about March 2, 1935, one of counsel for plaintiff appeared before the district court and Hon. Herbert M. Schiller, one of the judges thereof, and testified under oath that Messrs. Crowther and Jorgenson had failed to appear at the time and place theretofore ordered by the court for the taking of their depositions. Petitioner Mr. Hanson was present in court at the time such testimony was being given. He advised the court that he was of the opinion that Messrs. Crowther and Jorgenson were not required to appear and give their depositions until and unless their witness fees were paid and that he had so advised them. Thereafter a citation was issued out of the district court of Salt Lake county directing that the petitioners herein appear at a time and place designated and show cause why they should not be punished for contempt of court in failing to obey the order of the court of February 28, 1935. Pursuant to such citation petitioners herein appeared, objected to the jurisdiction of the court, and moved that the citation be quashed. The grounds upon which they claimed the right to have the cita-

tion quashed were that the court was without jurisdiction to proceed in the matter because no complaint, affidavit, petition, or other document was before the court and no such document was served upon them, or either of them, and therefore the court was without power or authority to issue the citation and was likewise without jurisdiction to hear or determine or punish them for any claimed contempt. Copies of the documents heretofore referred to in this opinion are attached to and made a part of the petition for the writ applied for. Petitioners further allege in their petition filed herein that they are informed and believe, and upon such information and belief allege, that the defendant Hon. Herbert M. Schiller intends to, and unless prohibited from so doing will, punish petitioners for alleged contempt of court. Upon the showing made in the petition filed herein, an alternative writ of prohibition was issued by this court directing that the defendant district court and Hon. Herbert M. Schiller, one of the judges thereof, desist and refrain from further proceeding in the matter of the contempt proceedings until the further order of this court; that the records in the contempt proceeding be certified to this court; and that the defendants show cause, if any they have, why they should not be absolutely restrained from further proceeding in such contempt proceeding. Within the time fixed in the alternative writ of prohibition so issued, the requested records were certified to this court, and the defendants appeared and moved that the petition for the writ and the order contained in the alternative writ be dismissed for the reason that at the time the writ was served the Hon. Herbert M. Schiller had determined to dismiss the contempt proceeding now pending before him, and that if the alternative writ issued by this court be vacated he will dismiss the contempt proceedings now pending before him. Attached to the motion is an affidavit of defendant Judge Schiller wherein it is, in substance, averred that after argument was had on the motion of petitioners herein to dismiss the contempt proceedings against them he took the matter under advisement, and that before

he had ruled upon the motion the petitioners filed in this court their petition for a writ of prohibition and he was served with the alternative writ; that if the petition for the writ is dismissed and the alternative writ vacated, he intends to dismiss the contempt proceedings now pending before him and "to order said D. H. Oliver to commence other and further proceedings for the punishment of said Hanson, Crowther and Jorgenson for contempt." Upon the pleadings so filed and the record thus made in this court, petitioners contend that the alternative writ of prohibition heretofore issued should be made absolute and defendant district court and Hon. Herbert M. Schiller, one of the judges thereof, should be permanently prohibited from any and all further proceedings growing out of the alleged contempt of petitioners. The petitioners urge that the court below was and is without jurisdiction because: (1) The notice to take the depositions of Messrs. Crowther and Jorgenson was not served upon them and that service upon their attorney was of no avail; (2) that Messrs. Crowther and Jorgenson were not paid their witness and mileage fees, notwithstanding they timely demanded the payment thereof; and (3) that there being no written accusations filed against them in the form of an affidavit, information, or other document, the court below is without jurisdiction to proceed to hear and determine the matter of whether they are, or are not, guilty of contempt. Defendants contend that their motion to dismiss the petition and vacate the alternative writ heretofore issued should be granted because: (1) The application for the writ was prematurely made, and (2) the defendant district judge having signified his intention of dismissing the contempt proceeding against the petitioners, now pending before him, there is no necessity, and hence it is improper to make permanent the alternative writ of prohibition.

Were it not for the fact that the defendant district judge stated in his affidavit that he intended to order other and further contempt proceedings to be instituted against peti-

tioners, we are of the opinion defendants' motion should be granted without a discussion of the merits of this controversy. However, in light of the statement that other and additional contempt proceedings are to be instituted against petitioners, it is deemed proper to dispose of upon their merits those matters which petitioners claim precluded the court from hearing and determining any contempt proceedings based upon the past failure of Messrs. Crowther and Jorgenson to appear and give their depositions. But little need be said concerning the legal effect of the service of the notice of intention to take depositions. It seems reasonably clear that the court below was without authority to punish Messrs. Crowther and Jorgenson for failure to appear and testify pursuant to the notice served upon Mr. Hanson when, as it is made to appear, no such notice was served upon them, and Mr. Hanson did not notify them that notice had been served upon him. Nor do we know of any principle of law that would authorize the district court to punish Mr. Hanson for contempt because he failed or refused to notify his clients that such a notice had been served upon him. Be that as it may, the service of the notice bears but remotely upon the question in hand. The contempt proceedings here brought in question do not grow out of the failure of Messrs. Crowther and Jorgenson to appear and testify pursuant to the notice served upon Mr. Hanson, but grow out of their failure to appear and testify pursuant to the order made by the court under date of February 28th wherein they were directed to appear and testify before Pearle M. Bachle on March 1st. We understand petitioners' contention to be that the court was without authority to make such an order, or if it had such authority Messrs. Crowther and Jorgenson were at liberty to disregard the same unless, upon demand being made, their witness and mileage fees were paid. In support of such contention our attention is directed to the provisions of R. S. Utah 1933, 28-5-8, wherein it is provided that:

"The fees and compensation of witnesses in all civil causes must be paid by the party who causes such witnesses to attend, and no witness shall be obliged to attend court in a civil cause when subpoenaed unless his mileage and fees for one day's attendance are tendered or paid to him on demand nor unless his fees for attendance for each day are tendered or paid to him on demand."

The provisions of the statute just quoted are not controlling here. The failure of Messrs. Crowther and Jorgenson to attend at the time and place complained of in the contempt proceedings under review was not in disregard of any subpoenas, but in disregard of an order of the court made after a hearing was had, a decision rendered, and an order made directing that two of the petitioners appear before a notary public and give their testimony. They were personally served with such order. Petitioners do not contend that the court below was without authority to issue the citation requiring Messrs. Crowther and Jorgenson to appear before the district court and show cause why they should not appear and testify before a notary public. That such a procedure is proper was expressly held by this court in the case of *Woolley* v. *Wight*, 65 Utah 619, 238 P. 1114, 41 A. L. R. 433. They did appear pursuant to the citation and after a hearing was had the court directed that they appear before a notary public at a time and place fixed in the order. Their claim that they were entitled to payment in advance of their witness and mileage fees was decided against them. We are not here concerned with the question of whether the court was, or was not, in error in concluding that they were not entitled to their mileage and witness fees. In a proceeding for a writ of prohibition we may not review matters involving mere error. Moreover, the mere fact that the court may have been in error in concluding that Messrs. Crowther and Jorgenson were not entitled to witness fees did not justify them in refusing to obey the order of February 28th.

"* * * Disobedience of an order made by a court within its jurisdiction and power is a contempt, although the order may be clearly erroneous." 13 C. J. 15.

Numerous cases supporting the text just quoted are collected in the footnote. Upon the issuance of the citation and the hearing had on the order to show cause why Messrs. Crowther and Jorgenson should not appear and testify, the court below had jurisdiction over their persons, and likewise had the power to determine the controversy in that proceeding. The mere fact that the court may have erred did not oust it of jurisdiction. The issuance and service of a subpoena is not the only means whereby a court acquires jurisdiction to require a witness to testify. Thus we have a statute, R. S. Utah, 1933, 104-49-11, which provides:

"A person present in court, or before a judicial officer, may be required to testify in the same manner as if he were in attendance upon a subpoena issued by such court or officer."

Such seems to be the law independent of statute. The record before us does not justify a conclusion that the court below was without jurisdiction to make its order of February 28th, nor that Messrs. Crowther and Jorgenson were at liberty to disregard that order unless their mileage and witness fees were paid. None of the cases cited by petitioners announce a doctrine to the contrary. Petitioners are not entitled in this proceeding to have the alternative writ made permanent upon the ground that the witness and mileage fees of Messrs. Crowther and Jorgenson were not paid.

It is not claimed that the petitioners were guilty of any contemptuous conduct in the presence of the court. Under such circumstances the court below was without jurisdiction to hear, determine, or punish petitioners for contempt in the absence of an initiatory information or affidavit. R. S. Utah 1933, 104-45-3; *Young* v. *Cannon*, 2 Utah 560; 13 C. J. 64. In the light of the avowed intention of the defendant district judge to dismiss the contempt proceedings involved in this controversy, no useful purpose could be served by making the alternative writ of prohibition per-

manent. By dismissing the proceedings in the court below the same results will be reached, so far as this proceeding is concerned, as would be reached if the alternative writ of prohibition is made permanent.

It therefore follows that the alternative writ heretofore issued should be, and it accordingly is, recalled and vacated, and the petition for a permanent writ of prohibition is denied. No costs will be allowed in this proceeding.

FOLLAND, MOFFAT, and WOLFE, JJ., concur.

EPHRAIM HANSON, Justice (dissenting).

With much of what is stated in the prevailing opinion I concur. However, I am of the opinion that the writ should be made permanent. It is conceded that the affidavit and the notice of intention to take the depositions of Crowther and Jorgenson (two defendants in the main case) which were served February 8, 1935, on Mr. Hanson as attorney for Crowther and Jorgenson was not such service as required either of them to attend and submit to a compulsory examination.

In the case of *Woolley* v. *Wight*, 65 Utah 619, 238 P. 1114, 41 A. L. R. 433, this court had occasion to construe the statute relating to the taking of the depositions of parties to an action. In that case it was sought to take the deposition of one Nathaniel Baldwin who had appeared in the main case by a complaint in intervention. The affidavit and notice fixing the time, place, and person before whom Baldwin was required to attend for the purpose of having his deposition taken were served upon Baldwin and also upon his attorneys. There was also served upon Baldwin a subpoena which had been issued by the clerk of the court in which the action was pending. The per diem and mileage for the attendance of Baldwin as a witness were duly tendered to and received by him, "as provided by law." Baldwin did not appear. A citation was issued by the district court requiring him to show cause why he should not be punished for

contempt of court, or why an order should not issue requiring him to attend before the notary and have his deposition taken. The district court upon a hearing refused to make any order on the theory apparently that the subpoena issued by the clerk of the district court was insufficient to require Baldwin's attendance. This court, in reviewing the proceedings, held that the subpoena issued was merely cumulative; that inasmuch as Baldwin had already been personally served with the proper affidavit and notice, wherein was specified the time, place, and person before whom he should appear, and it should be further noted that his per diem and mileage had been tendered and accepted by him, he was required to attend. The service of a subpoena was held to be merely cumulative, and was therefore unnecessary.

I feel that the construction of the statute as announced in the case of *Woolley* v. *Wight,* supra, is correct. It must necessarily follow that before a party may be required to attend and have his deposition taken, the proper affidavit and notice of the time, place, and person before whom the party is required to attend must be personally served upon the party, and if demand is made therefor his per diem and mileage must be paid before attendance can be insisted upon as a matter of right.

In the present case the affidavit and notice were not served upon either Crowther or Jorgenson, but were served upon Mr. Hanson, their attorney, instead. This of course was insufficient. Had Crowther and Jorgenson been personally served with the affidavit and notice which were served upon their attorney, and had their per diem and mileage been paid, as it was to Baldwin in the case of *Woolley* v. *Wight,* supra, then they would have been required to attend, and had they refused, it then would have been proper to issue a citation to show cause why they should not be punished for contempt or to show cause why an order should not be made requiring their attendance.

When Crowther and Jorgenson failed to appear pursuant to the notice served upon their attorney, the attorneys for

the plaintiff Oliver obtained, from the trial judge before whom the main case was then and is still pending awaiting trial, an order to show cause why Crowther and Jorgenson should not appear and have their depositions taken. After a hearing on this application, the learned trial judge made the order that Crowther and Jorgenson "appear before the Honorable Pearle M. Bachle, a notary public at 1105 Continental Bank Building, Salt Lake City, county and state aforesaid, on Friday, the 1st day of March, A. D. 1935, at 3:00 o'clock P. M. on that day, then and there to appear and testify before Pearle M. Bachle." A copy of this order was duly served upon Crowther, and Jorgenson and upon its service, they demanded their per diem and mileage of the officers who made the service and also made the same demand upon the attorneys for the plaintiff Oliver, and informed these attorneys that they would attend provided their per diem and mileage were paid "as provided by law." This order was no more than a subpoena issued by the district court for the attendance of Crowther and Jorgenson to appear before the notary public. Under the decision of *Woolley* v. *Wight,* supra, it is necessary to serve upon the party the affidavit and notice specified in the statute. Where that is done, the order of the trial court renders the service of the subpoena cumulative and unnecessary. A compliance with the statute on the part of Mr. Oliver was necessary before either Crowther or Jorgenson would be required to attend and give their testimony before the notary public. In any event, having demanded payment in advance of their fees as witnesses and their mileage, they could not be obliged to attend even upon the court's order.

Crowther and Jorgenson were required to attend as witnesses and not otherwise. Their presence was being demanded by the plaintiff Oliver because he chose them as witnesses and he desired their testimony as such. R. S. Utah 1933, 28-5-8, provides:

"The fees and compensation of witnesses in all civil causes must be paid by the party who causes such witnesses to attend, and no wit-

ness shall be obliged to attend court in a civil cause when subpoenaed unless his mileage and fees for one day's attendance are tendered or paid to him on demand."

The trial judge could not abrogate this statute by making the order which he did. That a party to an action is entitled to witness fees when subpoenaed by his opponent is well supported by the authorities.

A party to a suit "is entitled to be paid as a witness where he is called to testify for his adversary or otherwise compelled to testify." 70 C. J. § 58, pp. 69, 70.

"A party to an action is as much entitled to prepayment of his fees when subpoenaed by his adversary as a third person." 26 Standard Ency. of Procedure, p. 520. *Van Dusen* v. *Bissell,* 29 How. Prac. (N. Y.) 481; *Hewlett* v. *Brown,* 14 N. Y. Super. 655, 7 Abb. Prac. 74; *George* v. *Starrett,* 40 N. H. 135. It was there held that where a party is compelled to testify for or give his deposition to be used by his adversary upon the trial, he shall be entitled to the same fees which are allowed by law to other witnesses. *Fuller Buggy Co.* v. *Waldron,* 49 Misc. 278, 97 N. Y. S. 730.

Since it must be conceded that Crowther and Jorgenson would not be required to appear upon the service of the affidavit and notice, if on demand their fees and mileage were not paid as required by law, it must follow that they would not be required to appear when served with the order of the court immediately referred to if, upon demand, their per diem and mileage were not paid.

The plaintiff Oliver could not do indirectly what he could not do directly. Since he could not obtain their attendance without the payment of their fees in the first instance, he could not by thus getting an order require their attendance without the payment of fees.

In the prevailing opinion it is held that the making of the order by the court requiring the attendance of Crowther and Jorgenson before Pearle M. Bachle without the payment of their fees was mere error. In my opinion this was beyond its jurisdiction. As to facts, a distinction is to be observed as to those involving jurisdiction and those not. Erroneous

rulings on facts not involving jurisdiction, of course, are mere error. But an erroneous ruling on facts involving jurisdiction, or upon which it depends, is more than mere error. Brown on Jurisdiction (2d Ed.) pp. 20 and 21. At page 21 in a note to the text above cited it is said:

"Where the jurisdiction and power to hear a case depends on the existence of the fact, that fact must be alleged or appear on the face of the record or the proceedings are coram non judice and void. Where the law provided that real estate could be sold by an administrator after the personal assets in his hands were exhausted, the exhaustion is a potential fact for the jurisdiction of the court. *Hays' Adm'x* v. *McNealy*, 16 Fla. 409."

It is said that petitioners were not guilty of contempt because of their failure to appear before the notary without tender or payment of witness fees but might be guilty of contempt because of their failure to appear before the notary on order of the court, which order, right or wrong, was required to be obeyed. But the question lies deeper than that. The question is: May a witness without tender or payment of fees, who makes seasonable demand therefor, be required to attend before a notary, or other officer, or even before the court, to give his testimony? The determination of the question involves one of mixed law and fact both essential to the exercise of judicial power to compel one to do so. Before the court is authorized to act it requires an affidavit or other pleading of jurisdictional fact invoking the power of the court. *Among the essentials of such jurisdictional facts is the fact of tender or payment of fees.* If that fact is wanting, power is wanting to compel or judicially require a witness to attend in order to give his testimony.

May it successfully be asserted that any power exists to order or require one to attend, even on the court, on a properly served subpoena when made to appear a failure to tender or pay fees on demand as a prerequisite of such attendance? I think not. Any such order would be coram

non judice. For stronger reasons is, under such circumstances, an order of such command or requirement to attend before a notary

"disobedience of a void mandate, order, judgment, or decree, or one issued by a court without jurisdiction on the subject-matter and parties litigant, is not contempt." 13 C. J. § 14, p. 13.

For the reasons stated, I feel the writ should be made permanent instead of permitting the court below to dismiss the proceedings.