## UTAH POULTRY PRODUCERS COOPERATIVE ASS'N v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 6355.   Decided November 8, 1941.   (118 P. 2d 681.)

See 50 C. J. Prohibition, sec. 13; 22 R. C. L., 22.

*William A. Hilton, Harry D. Pugsley,* and *Elias Hansen,* all of Salt Lake City, for plaintiff.

*C. M. Beck* and *Homer Holmgren,* both of Salt Lake City, for defendants.

MOFFAT, Chief Justice.

At the time the plaintiff herein applied to this court for a writ of prohibition, one of the impelling reasons for the issuance of the writ was that a judgment against the defendants as an association and the individual members thereof had been entered and a motion for a new trial then pending had been submitted, was under advisement by another of the judges of the Third Judicial District Court. While this status prevailed the seven defendants in this action filed a motion before another judge of the same court to set aside the judgment as to these seven defendants. The practice of splitting a case up and getting conflicting elements of the same problem before different judges of the same court cannot be commended.

The application for a writ of prohibition with a writ of certiorari in aid thereof to prohibit the District Court from passing on motions made by the defendants after the motion for a new trial had been taken under advisement has brought before us a voluminous record.

Upon argument the issue was narrowed not to a question of jurisdiction but as to what judgment might be rendered under the jurisdiction acquired by the court as shown by the record. This matter as thus stated we feel is not before us.

From the returns of the process servers of the summons and the findings of the trial court it is shown that John Lloyd was served personally; that Amalgamated Meat Cutters and Butcher Workmen of North America, an unincorporated association, was served by delivering a true copy of the summons to Harry P. Harter, its secretary, that all

the members of local No. 311 of the above-named organization were served by delivering a true copy of the summons to Harry F. Harter, secretary, etc. Like returns as to all of the organizations and members thereof are in the record.

After judgment a motion for a new trial on behalf of all was filed, heard, and taken under advisement. After the issuance of the writ of prohibition herein, directed to another of the judges of the court, the trial court having the motion for a new trial under advisement granted the motion for a new trial as to all the parties to the action.

Defendants herein argue that the question has become moot. Whether this be so or not, the record discloses the trial court had acquired jurisdiction of the cause and for certain purposes jurisdiction of the parties. Whether the court upon the evidence may enter a judgment against all or any of the defendants is not before us, and may depend upon what the evidence shows. If the trial court had jurisdiction to grant a new trial as to all of the defendants as defendants' counsel argues, and the judgments as to all defendants having been set aside, there is no occasion for another judge of the same court to set aside the same judgment as to part of the defendants.

It appears counsel are not distinguishing between the jurisdiction of the court over the parties served or who have conferred jurisdiction by a general appearance, and what judgment may be entered upon the evidence.

Aside from the matter of a general appearance and who had authority to make such appearance and for whom, the record and returns upon the summons served indicated a compliance with Section 104-3-26, Revised Statutes of Utah, 1933. The section reads:

"When two or more persons associated in any business either as a joint-stock company, a partnership or other association, not a corporation, transact such business under a common name, whether it comprises the names of such associates or not, they may be sued by such common name, the summons in such cases being served on one or more of the associates, or as provided in section 104-5-11 (5); and the judgment in the action shall bind the joint property of all the assoc-

iates in the same manner as if all had been named defendants and had been sued upon their joint liability."

The court having jurisdiction of the subject matter, the summons served gave the court jurisdiction of the associations and the members thereof as a group sufficient to authorize the entry of judgment in the action as would bind the joint property interests of all the members in the group. The court, once having acquired jurisdiction of the groups, may proceed to enjoin or determine liabilities as may be found from the evidence. There being a plain, speedy, and adequate remedy at law, the matter of errors is for correction by appeal.

The temporary writ heretofore issued is recalled and quashed, and a permanent writ denied. Costs to defendants.

LARSON, J., concurs.

WOLFE, Justice (concurring in the result).

I concur in the order that the temporary writ of prohibition be recalled and quashed for the reasons: First, that no question of want or excess of jurisdiction is involved and the writ seeks only to determine if the lower court can, after a motion for a new trial has been granted as to all named defendants, properly determine whether or not seven of the defendants are still subject to the jurisdiction of the court for purposes of the new trial. Whether the court can properly so determine and whether its determination, if permissible, will be correct, only involves the question of whether error in pursuance of jurisdiction has been committed and not error in wrongly assuming jurisdiction. The trial court has jurisdiction to determine whether the seven defendants are in court or not, depending on whether they really appeared in the action, and if not, whether the motion for a new trial as to all named defendants, including these seven, was a general appearance which brings them in the proceedings for the purpose of a new trial. Any ruling on those

questions, even though erroneous, is within the jurisdiction of the court.

Secondly, even under the liberalized use of the writ of prohibition mentioned in *Atwood* v. *Cox*, 88 Utah 437, 55 P. 2d 377, and used in *Coors Co.* v. *Liquor Control Comm.*, 99 Utah 246, 105 P. 2d 181, 184, this writ should not issue. Undoubtedly a decision as to whether the seven defendants are now before the court because of the motion for a new trial, even though they previously had not appeared, would be in the interests of economy and convenience in determining who would or would not be subject to the judgment of the court on the new trial, and perhaps on the related subject of whether the judgment could extend only to the group as an entity or as individuals, and whether, therefore, the seven defendants were necessary in order to obtain a judgment good only against joint property.

It has been said that if the

"situation was such that if the writ did not issue, the applicant could not by the ordinary course of law even though he [eventually] prevailed substantially retrieve himself from the predicament in which the threatened action of the court or agency would place him, we would grant the writ even though there was no excess or lack of jurisdiction." *Atwood* v. *Cox*, supra, as interpreted in the writer's opinion in *Coors Co.* v. *Liquor Control Comm.*, supra.

But while, in this case, it would be very convenient and trouble saving to know the status of these seven defendants in respect to the new trial granted the defendants in the original suit by the Poultry Association, the situation is not one where the stable door can be closed only after the horse is stolen. It may be that in cases like this there should be some form of intermediary review under a supervisory writ, but if so, it should come through either a rule of this court circumscribing its scope, if that is constitutional, or by legislative fiat, and not by judicial decisions.

For these reasons I concur. I consider it unnecessary to commit the court by inference or otherwise, any further

than to recall the writ on the bases herein laid out. Whether Sec. 104-3-26, R. S. U. 1933, which is specifically limited to "two or more persons associated *in any business*" is applicable to labor unions, need not be decided expressly or by implication. (Italics added.)

McDONOUGH, Justice.

I concur on the ground stated in the concurring opinion of Mr. Justice Wolfe.

PRATT, Justice (concurring in the result).

I concur in the result of this case for the following reasons: There is only one class of cases in which section 104-3-26, R. S. U. 1933, is available to plaintiff as a means of acquiring jurisdiction of the parties defendant. That is the class of cases wherein plaintiff seeks judgment against two or more persons as a group. If plaintiff should file an action against two or more persons wherein he seeks relief against each as an individual, then each must be served with process or each must enter a general appearance before the court may render a judgment of that nature.

In the present case the cause of action is one founded upon group action as distinguished from individual action. Even though each member of each local were personally served with summons, the court could not render personal judgment against the individual, as that would be a decision of a matter not in issue. But each member of each local was not served. Instead only a few were served, to comply with section 104-3-26 above.

The judgment and decree entered in this case had to conform to section 104-3-26, not only by reason of the process of service of summons but also by reason of the issues outlined in the complaint. Any other judgment or decree would have been a nullity.

It is true that in his memorandum of decision the lower court used language indicative of a judgment and decree against the individual in his individual capacity. But in his

findings, conclusion, and decree he acts only against defendants in the group capacity, and binds them, if he binds them at all, only to the extent that they may act on behalf of the group, and only to the extent of their joint property.

That being the case, there is nothing from which the lower court can relieve them as individuals as they are not bound in their individual capacities.