FURBREEDERS AGRICULTURAL COOPERATIVE
v. WIESLEY, and Utah Labor Relations Board, et al.

No. 6469. Decided December 30, 1942. (132 P. 2d 384.)

See 21 C. J. S., Courts, sec. 112; Construction and application of National Labor Relations Act, note, 123 A. L. R. 612. See also, 31 Am. Jur., 899.

Rehearing denied March 1, 1943.

*Thomas & Thomas,* of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., *Herbert F. Smart,* Deputy Atty. Gen., and *A. T. Diamant,* of Salt Lake City, for defendants.

WOLFE, Justice.

The Utah State Industrial Union Council, following the procedure prescribed by the Utah Labor Relations Act, chap. 55, Laws of Utah, 1937, charged before the Utah Labor Relations Board that the Fur Breeders Agricultural Cooperative was engaging in unfair labor practices affecting intrastate commerce and the orderly operation of industry within the State of Utah. The Board issued a complaint against the Cooperative based on the Union's charges and set a day for hearing.

The Cooperative, contending that the complaint affirmatively showed on its face that the Board had no jurisdiction, filed a petition in this court for an alternative writ of prohibition to prevent the Board from proceeding further on this complaint. The writ issued ordering the Board to show cause why the proceedings against the Cooperative should not be prohibited. The Board demurred and moved to quash and set aside the writ upon the ground that the plaintiff's affidavit for the writ was insufficient as a matter of law to entitle the petitioner to the issuance of the writ; that the affidavit failed to show that the Board was without jurisdiction or that the defendants had assumed jurisdiction of the cause; and that the plaintiff had failed to exhaust its administrative remedies.

Petitioner's affidavit for the writ exhibited the complaint which was pending before the Board. This complaint, it is contended, affirmatively alleged and admitted that the petitioner was engaged in the fur breeding business. Fur breeding, by force of a specific statute, § 32-0-1, Laws of Utah 1939, Chap. 44, p. 60, is declared to be an agricultural pursuit. The Utah Labor Relations Act, § 3(3), expressly excludes agricultural laborers from its operation. The Board contends that the part of the complaint in which it is alleged that the Cooperative is "operating generally in the fur breeding business in Midvale and vicinity dealing for the most part in the breeding of furs" is not to be considered a part of the affirmative allegations of the complaint for it is but a recital of those things which induced the Board to issue the complaint. However, it is not necessary to pass upon this point for under any view of the case, this complaint must be held to be fatally defective. The Utah Labor Relations Board is a creature of statute. Any action brought by the Board against any employer is a special one brought under a statutory provision to enforce a statutory cause of action. In this situation there is no presumption of jurisdiction. Jurisdictional allegations are an integral and necessary part of the case, without the statement of which there is no cause of action, for it is obvious that one who seeks the benefit of a statute must bring himself within its provisions. *Hamilton* v. *Salt Lake City*, 99 Utah 362, 106 P. 2d 1028; *Green* v. *Grimes-Stassforth Stationery Co.*, 39 Cal. App. 2d 52, 102 F. 2d 452, 21 R. C. L. Sec. 7, p. 444. The Board in this complaint failed to allege the necessary jurisdictional facts. As we stated in *Atwood* v. *Cox*, 88 Utah 437, 55 P. 2d 377, 381,

"where jurisdictional facts are required to be alleged in the pleading and are not alleged, or where the complaint or information is so scanty in its facts or so ambiguous or incomprehensible as to make it impossible to ascertain whether the jurisdiction of the court has been invoked, or where the pleading shows on its face that the subject-matter in regard to which jurisdiction is attempted to be invoked is one over which the court has no jurisdiction, then the court

has no jurisdiction to go any further than to decide to refuse to take cognizance. It has, at least, sufficient jurisdiction to make that decision."

Under the rule stated in *Atwood* v. *Cox,* supra, the Board clearly has no jurisdiction to proceed any further than to decide that it has no jurisdiction, but it does have jurisdiction to make that decision. The Board contends that since no attempt was made to have it rule on the question of its own jurisdiction, the petition for the writ was prematurely brought. The petitioner points out that under the Act, the Board draws the complaint and in that limited sense it performs a duty analogous to a prosecutor. While so functioning, the Board filed this complaint. At that time, as the petitioner contends, the Board no doubt in that capacity decided that this complaint was sufficient to invoke its jurisdiction, otherwise the complaint would not have been filed. The petitioner contends that since the Board has passed upon the sufficiency of its own pleading it should now be prohibited from proceeding on this complaint even though no attempt was made after the complaint was filed to have the Board dismiss the complaint because of the lack of jurisdiction. It is upon this intention that the case must turn.

Logically, the fact that the Board is the pleader is no reason why it should not be given the same opportunity to pass upon the question of its own jurisdiction as is given to a lower court. The proceedings of a lower court will not be arrested by prohibition unless said lower court has had its attention called to the alleged excess of jurisdiction. *Sammis* v. *Marks,* 69 Utah 26, 252 P. 270. The principles upon which this rule is based apply equally well to administrative tribunals similar to the Labor Board. In *Havemeyer* v. *Superior Ct.,* 84 Cal. 327, 24 P. 121, 141, 10 L. R. A. 627, 18 Am. St. Rep. 192, these principles are stated as follows:

"When a party has an opportunity of objecting in the lower court that it is proceeding, or is asked to proceed, in a matter without, or

in a manner exceeding, its jurisdiction, he ought to make the objection there. It is only fair to the court that the objection should be brought to its attention in some proper form. If no objection is made, the party having every opportunity to object, the court may reasonably infer that no ground of objection exists; and not only is the court entitled to the advice and suggestions of the party with reference to objections apparent on the record—there are many cases in which the ground of objection would not appear unless set forth by plea in some form, and it is to be presumed that any valid objection, properly brought to the attention of the court, would generally prevail, * * *."

If we were to proceed on the theory that the lower tribunal would commit error when a petitioner properly demanded the protection of his rights, we would be required to hold all remedies short of some action by this court to be inadequate. It is difficult to see how the petitioner's ▌▌ rights would be prejudiced by the requirement, as a procedural matter, that it first give the Board an opportunity to correct its own error. While the delay caused by such a procedure would be limited to a matter of days, the issuance of the writ in this type of case without requiring the petitioner to attempt to have the Board dismiss the complaint would in effect "hamstring" the proceedings of all similar administrative tribunals in this State. It should be a fundamental canon of judicial conduct to avoid interference with administrative proceedings until it is certain that the proceedings which iminently threaten to infringe the rights of the petitioner will not be corrected by the administrative tribunal. Otherwise the courts would be called upon to arrest the proceedings of such tribunals by the use of an extra-ordinary writ even though the necessity for the issuance thereof might have been obviated if a proper motion to dismiss had been made before the said tribunal. In fact, until the Board acts otherwise, we will assume that it will act correctly when and if a proper motion to dismiss is made. *State ex rel. Welling* v. *Third Jud. Dist. Court,* 87 Utah 416, 49 P. 2d 950.

If proper motion were made and the Board erroneously refused to amend to show jurisdiction or to dismiss for lack of jurisdiction and threatened to proceed there would be ample time for the petitioner to apply for a writ of prohibition. Whether the writ would then issue would depend upon whether the petitioner has an adequate remedy in the ordinary course of the law. 104-69-1 and 104-69-2, R. S. U. 1933; *Atwood* v. *Cox,* supra; *Mayers* v. *Bronson,* 100 Utah 279, 114 P. 2d 213, 136 A. L. R. 698. As pointed out in *Atwood* v. *Cox,* supra, it would be rather inefficacious to compel the Cooperative to submit to what might be a lengthy trial and then seek its remedy by appeal when all the time it appeared on the face of the complaint that the Board had no jurisdiction and its decision would, therefore, have to be reversed on appeal. If this were the only remedy open to the Cooperative the facts might be held to justify the issuance of the permanent writ. However, in view of what we have said above we do not anticipate that the Board will proceed on the complaint as it stands.

It is urged by the petitioner that since the issue is squarely before the court, we should dispose of the matter by making the writ permanent even though the administrative remedy has not been exhausted. But in every case where a petitioner for prohibition succeeds ex parte in obtaining an alternative writ, he is here. If we for that reason made the writ permanent we would stop all proceedings below and thus deny the lower court or tribunal opportunity to correct its own error. The only alternative would be for the plaintiff below to start over again even though the complaint might have been corrected by amendment. We should avoid such result. Parties should be discouraged from bringing proceedings here until they have exhausted their administrative remedies.

When viewed in this manner it becomes clear that the alternative writ should be vacated. It is so ordered.

McDONOUGH, J., and HOYT, District Judge, concur.

MOFFAT, C. J., dissents.

LARSON, Justice (dissenting).

I dissent from the order made. I agree that the complaint before the Labor Relations Board on its face shows the Board has no jurisdiction to proceed in the matter involved in that complaint. I also agree that the petition in this court for a writ of prohibition, in which was incorporated a copy of the complaint before the Board, shows that the Board had no jurisdiction in the matter. It also shows that the Cooperative, plaintiff here, had not exhausted its remedies before the Board, only because it had not asked the Board to dismiss the complaint for want of jurisdiction. I agree that the Cooperative should have done so before seeking a writ from this court, and that we would have been justified in refusing to entertain the action and issue the alternative writ until the Board had itself ruled on the question.

However, since the cause is here, and we all agree that the Board has no jurisdiction in this dispute, it seems an idle gesture "a la after you my dear Alfonse" to quash the writ and require the Cooperative to return again to the Board and make formal motions or demurrers there to accomplish the result we have held it entitled to. I therefore think the writ should be made permanent.

PRATT, J., on leave of absence.