# OLSON v. DISTRICT COURT, SECOND JUDICIAL DIST., IN AND FOR DAVIS COUNTY, et al.

No. 6589. Decided April 6, 1944. (147 P. 2d 471.)

See 50 C. J. Prohibition, sec. 2; Writ of prohibition, note, 77 A. L. R. 245. See, also, 42 Am. Jur., 141.

*Ira A. Huggins,* of Ogden, for plaintiff.

*Grover A. Giles,* Atty. Gen., *C. N. Ottosen,* Deputy Atty. Gen., and *John A. Hendricks,* of Ogden, for defendants.

CROCKETT, District Judge.

The plaintiff, C. A. Olson, operates a retail service station at Bountiful, Davis County, Utah. The Trade Commission

of Utah, by its individual members, brought an action in the Second District Court to restrain the plaintiff from selling motor fuels at prices lower than his posted prices, alleged to be in violation of Sections 2 and 3, Chapter 69, Session Laws of Utah 1939, which law is administered by the said Trade Commission of Utah.

The plaintiff obtained a temporary writ of prohibition, prohibiting the said Second District Court from proceeding in the action. We are now asked to make the writ permanent. The principal question presented, and the one we have found to be determinative in this case, is whether or not prohibition is a proper remedy.

Prohibition is not a proceeding for general review and cannot be used as such. This court has in a great many cases considered the scope and purpose of prohibition proceedings. *Broadbent* v. *Gibson*, 105 Utah 53, 140 P. 2d 939; *Washington County* v. *State Tax Comm.*, 103 Utah 73, 133 P. 2d 564; *Furbreeders Agricultural Coop.* v. *Wiesley et al.*, 102 Utah 601, 132 P. 2d 384; *Utah Poultry Producers Co-op. Ass'n* v. *District Court*, 101 Utah 93, 118 P. 2d 681; *Mayers* v. *Bronson*, 100 Utah 279, 114 P. 2d 213, 136 A. L. R. 698; *Adolph Coors Co.* v. *Liquor Control Comm. et al.*, 99 Utah 246, 105 P. 2d 181; *Evans* v. *Evans*, 98 Utah 189, 98 P. 2d 703; *Allen* v. *Lindbeck*, 97 Utah 471, 93 P. 2d 920; *Atwood* v. *Cox, District Judge*, 88 Utah 437, 55 P. 2d 377, an opinion which thoroughly discusses this matter and lists most of the cases theretofore decided on the subject in this jurisdiction.

The origin, development and history of the writ of prohibition is treated briefly in a note at 77 A. L. R. 245, referring to Pollock and Maitland, History of English Law, Second Edition, Volume 1. It arose because a variety of courts came into being whose separate spheres of jurisdiction were not always as clear and distinct as might have been desired. If the writ was not first originated for the purpose of restricting the authority of the ecclesiastical courts, it acquired its largest use for that purpose.

Our conception of the purpose and scope of the writ of prohibition is well expressed in the case of *Atwood* v. *Cox,* supra; at page 444 of the Utah Reports, at page 380 of 55 P. 2d, the court quotes with approval the following language from 32 Cyc. 598:

"A writ of prohibition is a prerogative writ, to be used with great caution and forbearance for the furtherance of justice, and for securing order and regularity in all the tribunals where there is no other regular and ordinary remedy. The legitimate scope and purpose of the writ is to keep inferior courts within the limits of their own jurisdiction, and to prevent them from encroaching upon the jurisdiction of other tribunals."

The principle is reiterated in numerous of the cases listed above.

In addition to the purpose above mentioned, the function of the writ of prohibition has been extended, under our law, to cover situations where, even though the lower tribunal has jurisdiction, the court deems it necessary and advisable to issue the writ to prevent some palpable and irremediable injustice. But it is settled beyond dispute that if the lower court has jurisdiction, prohibition is not a proper remedy if a remedy at law is adequate. It requires but a moment's reflection to reveal that for the rule to be otherwise would make any lawsuit potentially a series of prohibition proceedings. Every act of the court from the initiation of the litigation to its conclusion could be made a separate prohibition proceeding. The proper and orderly procedure requires that when a court has jurisdiction of the suit, it should go ahead and complete the litigation. When this is accomplished, an appeal can be taken so that the appellate court may then review all alleged errors in one proceeding. This orderly process should not be interfered with, unless it is urgently necessary to prevent some palpable and irremediable injustice. *Attorney General* v. *Pomeroy,* 93 Utah 426, 73 P. 2d 1277, 114 A. L. R. 726.

Just when the remedy by appeal or other proceeding is adequate may in some instances be very uncertain and con-

troversial. In *Broadbent* v. *Gibson*, supra, Mr. Justice Wolfe discusses this problem at some length, and suggests that there might be numerous situations where the remedy by appeal may appear to be adequate, but for various considerations of public interest, public policy, a possible multiplicity of suits, irremediable injury to litigants, or other factors, it may appear to this court advisable, nevertheless, to issue a writ of prohibition. The court will take into consideration all of the facts and circumstances surrounding the litigation, including the factors just mentioned, and if it is deemed proper and necessary the writ of prohibition will issue.

It is admitted that for various reasons, this court has in some cases gone a long way in examining questions in prohibition proceedings which might have been reviewed on appeal.

In the case of *Atwood* v. *Cox*, supra, which is strongly relied on by petitioner, the basis for the application was that the accusation did not state a cause of action, and that therefore the trial court was without jurisdiction. This was an accusation against a public official who was accused of corruptly charging the Board of Education fees in excess of the maximum allowed by law, and indirectly involved the right of Mr. Atwood to his public office. A reading of page 464, Utah Report, at page 389 of 55 P. 2d, shows that the court did not consider the question of the adequacy of the remedy at law, and further stated,

"Since both parties to this proceeding have, with good reason, assumed that the question of the sufficiency of an accusation may be determined on a writ of prohibition, we shall consider the respects wherein the plaintiff here contends that the accusation is insufficient."

The question of the propriety of the prohibition proceeding was not squarely presented to the court as it is in the instant case.

In *Mayers* v. *Bronson*, supra, the writ issued because the plaintiff, in order to pursue his remedy by appeal, would either have had to forego a claimed immunity, or refuse and

risk a sentence for contempt. It was properly noted that an appeal on the question of whether or not he would have to serve a jail sentence would not be adequate. In the case of *Allen* v. *Lindbeck*, supra, the court observed that the proceeding was itself quasi-criminal, and that there was an element of disrepute in it which tended to make the remedy at law inadequate; and further observed at page 482, Utah Report, at page 925 of 93 P. 2d,

" * * * the defendant apparently concedes that prohibition is a proper remedy."

*Coors Co.* v. *Liquor Control Commission,* 99 Utah 246, 105 P. 2d 181, was a case where it was thought that if plaintiff were left to his remedy by appeal, in order to use his claimed legal rights, he would have been compelled to hazard not only criminal prosecution but also possible forfeiture of his license to do business in the state altogether. None of these cases in any sense controvert the rule that before prohibition will issue to interrupt the ordinary processes of law, it must appear that no other remedy is adequate.

Many of the cases on prohibition turn on the question of whether or not the lower tribunal is acting without or in excess of its jurisdiction. This problem is not present in the instant case. The District Court, being a court of general jurisdiction, unquestionably has jurisdiction of the class of cases involved in this litigation and of the persons and subject matter concerned therein.

The whole inquiry appears to be: Is the plaintiff without any other adequate remedy so that unless prohibition is granted he will find himself in an irretrievable position. The fact that he will have to submit to a ruling of the lower court, and if it is adverse to him take an appeal, is no ground for prohibition.

In *Construction Securities Co.* v. *District Court,* 85 Utah 346, at page 350, 39 P. 2d 707, at page 709, the rule is set out thus:

" * * * some extraordinary circumstance or extreme emergency or necessity must appear, such that the court ought, in the exercise

of a sound discretion, to invoke this extraordinary remedy. The mere necessary delay and expense of an appeal 'ordinarily furnish no sufficient reason for holding that the remedy by appeal is not adequate or speedy. To hold otherwise is to hold that all appeals are not adequate or speedy, for all involve some delay and expense.' " Citing other Utah cases so holding; see 50 C. J. 687, 42 Am. Jur. 144.

Where, then, is any proper basis for the plaintiff to have prohibition in this case? He does setforth the conclusion that if the writ of prohibition is not granted, he will suffer irreparable injury. Just why, or what the injury would be, is not made to appear.

He attacks the propriety of the proceeding in the lower court on several other grounds. We examine them in the order of their importance to see whether or not he brings himself within the above rules respecting the right to a writ of prohibition.

First, plaintiff contends that the statute under which the Trade Commission is proceeding against him is unconstitutional. We assume that this is his most serious contention as he has devoted most of his brief to it. The general law with respect to this proposition is stated at 42 Am. Jur. 168, as follows:

"It is the general rule that where there is another remedy available, prohibition will not be granted in advance of the trial or determination of the question in the inferior court to test the constitutionality of a statute or ordinance * * *."

We need not, however, go outside of the cases in our own jurisdiction to find that such has definitely been the law for a long period of time. In the case of *State ex rel. Carrigan* v. *Bowman*, 40 Utah 91, at page 94, 119 P. 1037, at page 1039, this court said as follows:

"Where the validity of a statute or ordinance is involved, we think the general and better rule obtains that a writ of prohibition will not be granted in advance of the trial or determination in the inferior court * * *."

This same language was quoted and the principle was adhered to in the cases of *Union Portland Cement Co.* v.

*Public Utilities Commission,* 56 Utah 175, 189 P. 593, and *Ogden Portland Cement* v. *Public Utilities Comm.,* 56 Utah 139, 189 P. 598. In *Broadbent* v. *Gibson,* supra, at page 942, Pacific Reporter, this court stated that the lower court was not divested of jurisdiction merely because it might make an erroneous holding in regard to constitutionality. *Washington County* v. *State Tax Commission,* supra, also so indicated. In the latter two cases, it is made plain that it is not the matter of unconstitutionality but the inadequacy of the remedy at law which tests the propriety of prohibition.

Second, the plaintiff assails the complaint against him in the court below on the ground that it fails to state a cause of action. This is a ground for demurrer, and not a matter to be reviewed in prohibition proceeding. In *Ewing* v. *Harries,* 68 Utah 452, at page 460, 250 P. 1049, at page 1052, this court said as follows:

"And in no event can this court determine in a prohibition proceeding the sufficiency of a pleading except for the purpose of determining whether or not the lower court has jurisdiction of the action or proceeding that is sought to be prohibited. * * * Whether the allegations of a complaint are sufficient to permit the introduction of evidence * * * comes within the appellate jurisdiction of this court which should be exercised only on appeal from the court having original jurisdiction. If any authority is necessary to support so self-evident a proposition, we refer the reader to *Ashley* v. *Three Justices of Superior Court,* 228 Mass. 63, 116 N. E. 961, 8 A. L. R. 1463, where the powers of a court in prohibition proceedings are very intelligently discussed."

In *Atwood* v. *Cox,* 88 Utah at page 449, 55 P. 2d at page 382, this court quotes with approval the following rule:

"The fact that a demurrer will lie to a petition in a case where the court has jurisdiction of the general class of cases to which the particular case attacked belongs is no ground for the issuance of a writ of prohibition." Citing cases. See also *Mann* v. *Morrison,* 106 Utah 15, 144 P. 2d 543.

This is in complete harmony with many adjudicated cases in numerous American jurisdictions, substantially all of

which accord recognition of the principle that the failure of the complaint to state a cause of action is not sufficient ground for the issuance of a writ of prohibition. *Ex parte Jones,* 160 S. C. 63, 158 S. E. 134, 77 A. L. R. 245, 248; 50 C. J. 679, 688; *State* v. *Hartman,* 221 Mo. App. 215, 300 S. W. 1054; *McMorry et al.* v. *Superior Court,* 54 Cal. App. 76, 201 P. 797.

All that is necessary is that the complaint state sufficient facts to show that the court has jurisdiction of the subject matter and the class of suits to which the litigation belongs. The question of the sufficiency of the complaint then becomes one for the court to determine on demurrer or otherwise and is subject to review on appeal.

Third, the plaintiff makes several contentions which may be considered together; they all relate to alleged defects in the parties plaintiff. He claims (a) that the plaintiffs have no legal capacity to sue; (b) that there is a misjoinder of parties plaintiff; (c) that plaintiffs have no power or right to enforce or attempt to enforce the law referred to in the complaint. These are all grounds for demurrer under U. C. A. 1943, 104-8-1, and are governed by what is said above in respect to the general demurrer. For cases specifically holding that defects in parties plaintiff do not give rise to prohibition proceedings, see *Sutter County* v. *Superior Court,* 188 Cal. 292, 204 P. 849; *Hogan* v. *Superior Court,* 74 Cal. App. 704, 241 P. 584.

All of the above contentions of the plaintiff are matters, which if incorrectly ruled upon, would be error subject to correction on appeal. They do not divest the court of jurisdiction, nor do they make the plaintiff's remedy by appeal inadequate.

We have gone into the above matters to indicate that in this case it appears that prohibition is improper, even if those matters had been fully and properly presented to the lower court, and ruled upon by it. But, in this case there is another most important reason why prohibition is not proper. In the court below, the plaintiff demurred to the complaint on the same grounds as indicated above,

except the matter of constitutionality. He also appeared before the court and objected to the introduction of any evidence on all of the grounds mentioned above, including the alleged unconstitutionality of the statute. From the record before us, the lower court apparently was not permitted to rule on either of these matters before the plaintiff applied for and obtained the temporary writ of prohibition.

It is a fundamental that the court or tribunal sought to be prohibited must be given a proper opportunity to rule upon objections to its proceeding before the writ of prohibition will lie. This is so even where the court or tribunal has no jurisdiction. In *Furbreeders Agricultural Coop.* v. *Wiesley,* supra, 102 Utah at page 605, 132 P. 2d at page 386, this court stated as follows:

"The proceedings of a lower court will not be arrested by prohibition unless said lower court has had its attention called to the alleged excess of jurisdiction." Citing *Sammis* v. *Marks,* 69 Utah 26, 252 P. 270.

And goes on to state that it is only fair to the court that the objection should be brought to its attention in some proper form.

" * * * and it is to be presumed that any valid objection, properly brought to the attention of the court, would generally prevail * * *."

The same rule is quoted and approved in *Van Cott et al.* v. *Turner et al.,* 88 Utah 535, at page 544, 56 P. 2d 16, at page 20 and the court therein further said:

"A writ of prohibition will lie only in cases of manifest necessity and after a *fruitless* application for relief to the inferior tribunal." (Italics added.)

The case of *State ex rel. Welling* v. *Third Judicial District Court,* 87 Utah 416, 49 P. 2d 950, involved the prosecution of the Secretary of State for a felony, and his right to hold office was at stake. In that case, this court held that the lower court must be given an opportunity to rule upon the motion for a new trial before the writ of prohibition would

issue. The court said at page 424, Utah Report, at page 953 of 49 P. 2d,

"In this case the lower court has before it a motion to set aside the verdict and grant a new trial. This gives the lower court an opportunity to pass upon the question as to whether error was committed during the trial. * * * there is nothing to show that the lower court refused to rule on a motion for a new trial. * * * The law gives it the opportunity to use its judgment. * * * Here we have a case in which the lower court has not only not refused to act, but where it has never been given an opportunity to pass upon the very questions which counsel asks us in this case to take cognizance of and where such questions involve merely error and are in no way related to the questions of lack or excess of jurisdiction which the application for the writ of prohibition presented." The writ was denied.

See also *Union Portland Cement* v. *Public Utilities Comm.,* supra; 50 C. J. 681; 42 Am. Jur. 172; *State ex rel. Poston* v. *District Court,* 31 Wyo. 413, 227 P. 378, 35 A. L. R. 1090.

The temporary writ of prohibition heretofore issued is recalled, and the application for a permanent writ is denied.

WOLFE, C. J., and LARSON and McDONOUGH, JJ., concur.

WADE, J., being disqualified, did not participate herein.

MOFFAT, J., participated in the hearing but died before the publication of the opinion.