Roy M. HELM, Petitioner,

v.

UTAH STATE HIGHWAY PATROL CIVIL
SERVICE COMMISSION et al.,
Defendants.

No. 14450.

Supreme Court of Utah.

Oct. 29, 1976.

Robert M. McRae, of Hatch, McRae & Richardson, Salt Lake City, for petitioner.

Vernon B. Romney, Atty. Gen., Robert B. Hansen, Asst. Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Justice:

Pursuant to proper proceedings, petitioner Roy M. Helm, former Superintendent of the Utah Highway Patrol, was removed from that position and suspended from the Utah Highway Patrol by a decision and order of the Highway Patrol Civil Service Commission. Petitioner complains of that part of the decision which states:

Provided Roy M. Helm can resolve to the satisfaction of the Commission his alcohol problem, or other related problems . . . he may apply to the Commission for reinstatement . . . Provided the Commission determines that Roy M. Helm has successfully rehabilitated himself, the Commission shall direct the Commissioner of Public Safety to reinstate Roy M. Helm to the service of the Utah Highway Patrol, but at a rating or rank and a position to be determined by the Commissioner of Public Safety.

Petitioner does not question the propriety of requiring him to satisfy the Commission that he has rehabilitated himself and recites that the Commission shall direct that he be reinstated in the Highway Patrol. His challenge is to placing the determination of his "rating or rank and a position to be determined by the Commissioner

of Public Safety." Specifically, he urges that if and when rehabilitation and reinstatement occur, the determination as to his "rating or rank and a position" should be by the Commission itself, but not by the Commissioner of Public Safety; and that by thus delegating that authority to the Commissioner, the Commission divested itself of its proper authority and acted contrary to law.

In considering the petitioner's argument it is appropriate to have in mind some applicable rules of administrative law: that courts generally refuse to become involved in abstract disagreements over administrative policies, and especially so when discretion is involved; that they do not interfere until the party has exhausted his administrative remedies,[1] nor until his rights are adversely affected.[2] Consistent with those precepts, this court has heretofore declared that intervention in administrative proceedings should be avoided until it is made to appear that there is some imminent threat of infringement of the rights of a party, which will not be corrected by the administrative tribunal.[3]

Directing attention to the argument of the plaintiff in the light of the rules just stated, there are several contingencies which must occur before he could be adversely affected by the part of the order he complains of. First, he must rehabilitate himself; second, he must apply to be reinstated; third, the Commission must act upon his application by recommending reinstatement; and fourth, the Commissioner would have to either, (a) reject the recommendation, or (b) give him a rating, rank, or position lower than he thinks he is entitled to. Furthermore, he would then have a right of review by the Commission itself of any adverse decision of the Commissioner.[4] Only if and when those contingencies should have eventuated in a manner unfavorable to him would he have any basis for invoking this court's intervention in his behalf.[5] Accordingly, it is our opinion that his petition is prematurely brought.

While what has been said above should sufficiently dispose of this case, we nevertheless make the following additional observation. The aspect of the order complained of by the petitioner, which vests discretion in the Commissioner is not without justification in our statutes.

Sections 27–10–2(d) and (f), U.C. A.1953, authorize the Commissioner to appoint such personnel "to each rank, grade and position as are deemed by him to be necessary for the efficient operation and administration of the state highway patrol" and to discharge, demote or "temporarily suspend any employee in the state highway patrol." We do not see it as any disregard or distortion of those statutory provisions for the Commission to view them as permitting the investiture of the Commissioner with discretion to determine the "rating, rank and position" of personnel and officers in the Highway Patrol, including the petitioner, with the safeguards against unfair or improper treatment hereinabove referred to.

Upon the basis of what has been said herein we are not persuaded that there is any justification shown for this court interfering with the decision of the Highway Patrol Civil Service Commission.

Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, MAUGHAN and WILKINS, JJ., concur.

1. *Furbreeders Agricultural Cooperative v. Wiesley*, 102 Utah 601, 132 P.2d 384.

2. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); See *National Automatic Laundry v. Schultz*, 143 U.S.App.D.C. 274, 443 F.2d 689 (1971).

3. *Furbreeders Agricultural Cooperative v. Wiesley*, Footnote 1.

4. See proceedings as provided in U.C.A. Section 27–11–15(b).

5. Ibid.