## JONES v. COX, Judge.

No. 5379.   Decided November 19, 1934.   (37 P. [2d] 777.)

*Sam Cline,* of Milford and *Dan B. Shields,* of Salt Lake City, for plaintiff.

MOFFAT, Justice.

This case arose out of the following facts: The state bank commissioner took possession of the business and property of the State Bank of Millard County on the 1st day of February, 1932, under and in pursuance of the statute (now R. S. Utah 1933, 7-2-1). The plaintiff was appointed examiner in charge for the purpose of liquidating the bank. R. S. 1933, 7-1-7. On the 21st of March, 1932, the plaintiff, in the capacity of examiner in charge, filed a petition for allowance of expenses and salaries. On the same date and after hearing, the court made an order directing the payment of "all necessary expenses of the liquidation of said bank."

On April 22, 1932, plaintiff filed a report covering the period to March 31, 1932. A protest was filed to the report and accompanying the petition. On June 14th following, a hearing was had on the petition, report, and protest, and the court made an order refusing to allow the salaries of the plaintiff and his assistant, Allen, and reduced the salaries

from the amount fixed by the bank commissioner to the sum of $110 per month for plaintiff and to $200 for Allen. In so far as the record discloses, no request for an accounting had been made nor protest that accounts of liquidation were not being made. On September 27, 1932, the court on its own motion and ex parte made the following order:

"It appearing to the court that the officers in charge of liquidation have failed to file a report of the expenses of liquidation, the court orders that said officers are not to pay out any money, particularly salary, to any employees until the further order of the court is made. The court also orders that the report must be filed and notice given to the depositors' committee in sufficient time that said committee may have at least five days notice before said report is heard."

The matter of fixing salaries, payment of expenses, and power of the court in liquidation proceedings under the statute providing for the liquidation of banks by the bank commissioner, as related to the salaries and expenses paid and for which the trial court found the plaintiff herein in contempt, are discussed and the statute construed in the cases of *In re State Bank of Millard County (Hadlock, State Bank Commissioner,* v. *State Bank of Millard County et al.)* (Utah) 30 P. (2d) 211, and its companion case, *In re State Bank of Beaver County (Malia, State Bank Commissioner,* v. *State Bank of Beaver County et al.)* 30 P. (2d) 217, both of which cases were pending in this court when this action was filed. Reference thereto may be had for a full discussion of the subject as it may relate to the order of the court above quoted.

Whether or not the plaintiff herein violated the above order or, if he did, such violation amounted to a contempt because of the claimed want of jurisdiction to make such an order, need not be further discussed herein, as other grounds determine the issues presented.

On October 30, 1932, Jones, the plaintiff, and Allen, his assistant, were relieved of their duties in connection with the State Bank of Millard County by the state bank commissioner and others put in charge of liquidation. There-

upon plaintiff paid to himself and to Allen the moneys due to them under the contract with the bank commissioner. Until they were relieved of their duties, Jones, the plaintiff, paid to himself and to Allen only the amounts theretofore allowed by the court and held the balance in suspense account intending to hold same until the question of the court's power to fix the salaries was determined. The change in the liquidating personnel of the bank and advice of counsel caused plaitiff to make the payments as fixed by the state bank commissioner.

On the 6th day of December, 1932, the defendant, Judge Le Roy H. Cox, made and caused the following order to be entered:

"To J. W. Jones, Greeting:

"Whereas on the 27th day of September, A. D. 1932, this court duly made its order directing you as an officer in charge of the State Bank of Millard County, for the purpose of liquidation not to pay out any money by way of salaries, until a written statement and account of salaries claimed was filed and served upon counsel for the depositors committee, and,

"Whereas, you, in violation of the said order of the court, failed to file any written statement of account, but paid to yourself and to others in said bank money of the depositors, as salary, part of which said salary was expressly disallowed by the court,

"Now therefore, It is hereby ordered that you appear before this Court at Fillmore, Millard County, State of Utah, at the County Court House, at the hour of ten o'clock A. M. December 7th, 1932, then and there to show cause, if any you have, why you should not be punished by the court for contempt of court, and that the court may then and there make such other and further order as may seem proper in the case.

"Dated at Fillmore, Utah, this 6th day of December, A. D. 1932.
"(Signed) Le Roy H. Cox, District Judge."

In response to the order, the plaintiff appeared before the court in answer to the citation and protested and objected to the jurisdiction. By stipulation, an oral demurrer was dictated into and made a part of the record in the contempt proceeding, raising the question that the citation was

in excess of the court's jurisdiction and upon other grounds not pertinent to this discussion. It is charged by plaintiff, and the record accords with the charge, that no affidavit or other pleading had been filed to invoke the jurisdiction of the court to proceed in the matter of the alleged contempt.

A contempt proceeding is a separate proceeding from an action pending and out of which the alleged contemptuous conduct arose, and, except when committed in the presence of the court or in chambers, requires an affidavit or pleading to support the charge. The record fails to disclose any affidavit or other pleading setting forth any facts relating to the conduct of plaintiff. The following is a part of Comp. Laws Utah 1917, § 7060 (R. S. Utah 193, 104-45-3), and provides that "When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt," etc. The alleged contempt was not committed in the immediate view and presence of the court nor at chambers.

As no affidavit or other pleading was filed, and the record fails to reveal any findings upon the facts relating to the alleged disobedience of the court's order, the words of this court in a recent case are appropriate here:

"The failure of the court to make findings in one or more of such particulars or the equivalent thereof, unless waived, of which there is no evidence, the order or judgment of the court adjudging the defendant guilty of contempt for failure to pay the installments as decreed and ordering him committed, as was done, has no support, and thus was rendered without jurisdiction, and is null and void, though a sufficient affidavit or other pleading had been filed invoking jurisdiction to hear and determine the matter, and even though evidence had been adduced in support thereof." Ex parte Gerber (Utah) 29 P. (2d) 932, 933.

For the reasons stated upon either of the grounds, failure to file affidavit or pleading to support the order, or failure to make findings and enter and file a judgment thereon,

the alternative writ heretofore issued herein must be made permanent. Such is the order. No costs are awarded.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND and EPHRAIM HANSON, JJ., concur.