VAN COTT et al. v. TURNER et al.

No. 5565.   Decided April 7, 1936.   (56 P. [2d] 16.)

536

*Ralph T. Stewart,* of Salt Lake City, for plaintiffs.

*Irvine, Skeen & Thurman,* of Salt Lake City, for defendants.

BATES, District Judge.

An alternative writ of prohibition was issued by this court directed to Hon. Abe W. Turner, one of the judges of the Fourth judicial district in and for Utah county, directing him to show cause why he should not be prohibited from further proceeding in the trial of a quo warranto proceeding instituted in the Fourth district court of Utah county to try title to the office of directors of a corporation claimed by plaintiff to be illegally held by the defendants Albert Van Cott and F. J. Balli.

The complaint in the quo warranto proceeding alleges that the Troy Laundry Company is a Utah corporation; that at a meeting of the stockholders November 4, 1933, plaintiffs C. W. Chapman and A. H. John were elected to offices of directors of the Troy Laundry Company; that they qualified as succeeding the defendants Albert Van Cott and F. J. Balli; that they immediately made demand upon Albert Van Cott and F. J. Balli to surrender the offices, and of John S. Van Cott to surrender the position as manager; that the defen-

dants refused to surrender; that the said defendants claimed to be elected by reason of the vote of 4,000 shares of stock, which stock had been illegally issued and adjudged to have been illegally issued; and that by reason of the vote of this illegal stock the defendants were presuming to hold and were holding and exercising the functions of officers, directors, and manager of the Troy Laundry Company.

In the application filed in this court for a writ of prohibition, it is alleged that the right of John S. Van Cott to vote the 4,000 shares of stock, upon which defendants depend for their right to hold the offices in question, was on appeal to the Supreme Court from a decree entered in the Third district enjoining the applicants from voting this 4,000 shares of stock and declaring the stock to be void and directing its cancellation.

It is further alleged in the application for a writ of prohibition that the execution of the decree of the Third district court had been stayed by filing a supersedeas bond and that the district court and the Supreme Court had each entered an order staying the execution of the judgment; that in the quo warranto proceeding in the district court of Utah county, these applicants herein had filed demurrers challenging the jurisdiction of said court to hear the quo warranto proceeding; that the allegations of the complaint in the quo warranto proceeding recited that the 4,000 shares were illegally issued and void and had been adjudged to be void; that the applicants had no right to vote or rely upon said 4,000 shares of stock so illegally issued and that the court had held the complaint stated a cause of action and erroneously overruled applicants' demurrer thereto and erroneously held that the court had jurisdiction to proceed; that by reason of the appeal to this court from the judgment and decree entered by the Third district court holding the said stock to be illegal and ordering its cancellation, the filing of the supersedeas bond and the issuance of the stay order, the said Fourth district court was acting without and in excess of its

jurisdiction; and that the applicants had no plain, speedy, and adequate remedy in the ordinary course of law if the Honorable Abe W. Turner should proceed with the trial of said case; that upon the overruling of the demurrers the applicants filed their answer alleging that the judgment and decree of the district court of Salt Lake county decreeing the cancellation of the said 4,000 shares of stock had been superseded and that the applicant John S. Van Cott had a right to vote the said 4,000 shares of stock pending the decision of the Supreme Court; that the allegations of the answer had not been replied to and were, therefore, deemed admitted, and by reason thereof the court was acting beyond its jurisdiction.

The defendants herein appeared and filed a motion to recall the writ of prohibition on the ground that the writ was improperly and improvidently issued as an ex parte order prohibiting the judge from proceeding to hear and determine the issues in an action in which he was fully vested with jurisdiction; that the application affirmatively showed that the court had not acted, and there was nothing to show that the court intended to act, in any way in excess of or beyond its jurisdiction, and there was no presumption that the court would act beyond or in excess of its jurisdiction. The defendants also filed a general demurrer on the ground that the application did not contain facts sufficient to constitute a cause of action or to entitle the applicant to a writ of prohibition or any relief whatsoever.

The matter is thus submitted to this court upon the allegations in the application for a writ of prohibition and the demurrer thereto by the defendants and their motion to recall. We must accept the allegations in the application as true. More concisely stated, the facts are: ■ That a trial was had in the Third district court in which the parties in this action, except Judge Turner, were parties. In that case it was determined that 4,000 shares of stock in the Troy Laundry Company were illegally issued to the defendant John S. Van Cott and ordering the return

and cancellation of that stock. The defendants in the case, who are now the applicants for this writ of prohibition, appealed to this court from the judgment of the Third judicial district court and filed therein their supersedeas bond and further proceedings were stayed pending the determination in this court of the validity of the issuance of said stock. While that appeal was pending and undetermined, the plaintiffs in that cause, who are defendants in this proceeding, filed their action in quo warranto in the Fourth district court of Utah county to try title to the offices of directors of the Troy Laundry, which right was dependent upon the right of these applicants to vote the 4,000 shares of stock in question at the stockholders meeting held in November, 1933. It is clear that if the Fourth district court were to try the issues involved in the quo warranto proceeding, it would be again determining the exact questions that were tried and determined in the case in the Third district court and appealed to this court; the same evidence would be admissible in the one case that was admissible in the other.

Counsel for the defendants herein rely upon the following statutory provisions of R. S. Utah 1933:

"104-66-1. *When State May Bring Action.*

"A civil action may be brought in the name of the state:

"(1) Against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state."

"104-66-6. *Complaint—Contents.*

"When the action is against a person for usurping, intruding into or unlawfully holding or exercising an office, the complaint shall set forth the name of the person who claims to be entitled thereto, with an averment of his right thereto, and judgment may be rendered upon the right of the defendant, and also upon the right of the person so averred to be entitled, or only upon the right of the defendant, as justice requires."

"104-66-7. *Who May Be Made Defendants.*

"All persons who claim to be entitled to the same office or franchise may be made defendants in the same action to try their respective rights to such office or franchise."

"104-66-8. *Jurisdiction in Supreme and District Court.*

"An action under this chapter can be brought in the supreme court of the state, or in the district court of the proper county."

"104-66-10. *Id.* [*Judgment of Ouster*] *Against Director of Corporation—Of Induction in Favor of Person Entitled.*

"When the action is against a director of a corporation, and the court finds that, at his election, either illegal votes were received or legal votes were rejected, or both, sufficient to change the result, judgment may be rendered that the defendant be ousted, and judgment of induction entered in favor of the person who was entitled to be declared elected at such election."

Defendants argue that the issue which Judge Turner was proceeding to try in the quo warranto case was the effect of the appeal and the stay order and suggest that the court ought not anticipate that the court in the quo warranto proceeding would erroneously rule. That is not the thing that was asked for in the complaint in the quo warranto proceeding. The thing that is sought in that action is a decree that the defendants were unlawfully holding the offices of directors and manager of the Troy Laundry Company. The question in that case of the legal effect of the supersedeas bond and stay order was merely incidental to the question it was sought by plaintiffs in that proceeding to have determined. That is the exact question that is on appeal to this court. It is not a sufficient answer under such conditions to say that if the defendants in the quo warranto proceeding were decided against, they could appeal. When the supersedeas bond and stay order were entered in the action appealed to this court, the applicants herein were in possession of the offices in question and it was their right to remain in possession pending the determination of the appeal.

If the court in the Fourth district in the quo warranto proceeding were to proceed and should decide adversely to these applicants, and if they were to appeal in that proceeding, there could be no stay of execution. The statute in that respect provides:

"104-66-14. *Actions Commenced in District Court—Appeals—No Stay of Execution.*

"If the action is commenced in the district court, an appeal may be taken from the final judgment by either party to the supreme court as in other cases; but if there is judgment of ouster against the defendant, there shall be no stay of execution or proceedings pending such appeal."

Thus would the courts come into conflict. By virtue of the appeal to this court and supersedeas bond, the applicants were entitled to possession of the offices. By virtue of the decree in the quo warranto proceedings, if against the applicants, even though they appealed, they would not be entitled to the possession of the offices. Clearly, there was another action pending on appeal and undetermined.

But the writ of prohibition was prematurely sought. The only question that was submitted to Judge Turner was the demurrer of the defendants in the quo warranto proceeding to the complaint, attacking the jurisdiction of the court and the sufficiency of the complaint. Upon these questions he ruled adversely to the applicants. But there was no error in the ruling from which it can be deduced that he was acting or threatening to act in excess of his jurisdiction. The complaint clearly stated a cause of action in quo warranto. The allegation in the complaint that the 4,000 shares were void and had been adjudged to be void does not justify the inference that there was another action pending between these parties in which the relief sought could be obtained. For aught that appears in the complaint, the action may have been between different parties upon different issues and in different jurisdictions.

The answer to the quo warranto complaint sets out fully the facts showing another action pending and on appeal

where the same questions that would have to be presented were then pending determination. There was no reply filed to the answer. The defendants in this proceeding urge that no reply was necessary for the reason that they are deemed denied under the statute:

Reply. "104-11-1. *When Required.*

"There shall be no reply except:

"(1) Where a counterclaim is alleged; or,

"(2) Where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer." R. S. 1933.

Applicants urge that new matter appears in the answer that stands admitted unless denied. But for the purposes now in hand, it is unnecessary to determine that question. If we assume that the answer stands admitted, and that the record showed affirmatively that there was another action pending that should have properly precluded the judge of the Fourth district to proceed in the quo warranto action, still we are not justified in assuming that he was threatening to or would act in excess of or outside his jurisdiction. There is nothing in the record to suggest that Judge Turner was ever requested or given any opportunity to rule on the question as to whether or not he should proceed when the pleadings had been so completed as to show the pendency of the case on appeal. The ruling on demurrer cannot be so construed and there is nothing else in the record. True, the application recites that he was threatening to act in excess of his jurisdiction, but that recital can have no weight in the face of a record showing affirmatively that it is not a fact. We cannot assume that courts will rule erroneously or that they will assert jurisdiction where they have none.

"Anticipation of error: A writ of prohibition will not ordinarily issue in anticipation of the action of an inferior tribunal where it has jurisdiction over the subject matter, and it will not be assumed that the tribunal will exceed its jurisdiction or rule erroneously with respect thereto. So, before prohibition will lie upon the

ground of lack of jurisdiction the court below must have so ruled as to make manifest a claim of jurisdiction." 50 C. J. 681.

"The writ of prohibition is a prerogative writ, the most extraordinary of all the writs, and is 'to be used with caution and forbearance.' " *Bankers' Trust Co.* v. *District Court of Weber County,* 62 Utah 432, 220 P. 708, 709. It arrests the proceedings of any tribunal, corporation, board, or person whether exercising functions judicial or ministerial when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person. Section 104-69-1, R. S. 1933. It may be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. Section 104-69-2, R. S. 1933. But to entitle the petitioner to the writ, he is not only required to show that the tribunal sought to be restrained is without or acting in excess of jurisdiction, but also that he had no plain, speedy, and adequate remedy in the ordinary course of law. *State ex rel. Carrigan* v. *Bowman,* 40 Utah 91, 119 P. 1037. It is a general rule that prohibition will not issue to arrest proceedings unless the attention of the court whose proceedings are sought to be arrested was called to the alleged excess of jurisdiction. *Sammis* v. *Marks,* 69 Utah 26, 252 P. 270. A writ of prohibition will lie only in cases of manifest necessity and after a fruitless application for relief to the inferior tribunal. It is properly issued only in cases of extreme necessity. 32 Cyc. 602.

No reason has been called to our attention why the petitioners herein, after they had answered, setting up the facts that deprive the lower court of jurisdiction, and after they had been admitted by the failure to reply, could not have called the attention of the court to the facts as they existed and stood admitted by motion or in such other manner as they may have been advised. We must assume that the court would have ruled correctly. Or if the cause had been set down for trial, there is nothing in the record to suggest that he would have proceeded with the

trial when it became manifest that there was another action pending where the same issues were on appeal.

It follows that the writ was improvidently issued and it is hereby recalled. Defendants are awarded their costs in this proceeding.

ELIAS HANSEN, C. J., and FOLLAND, and EPHRAIM HANSON, JJ., and WADE, District Judge, concur.

MOFFAT and WOLFE, JJ., being disqualified, did not participate herein.