ROBINSON v. CITY COURT FOR CITY OF OGDEN, WEBER COUNTY et al.

No. 7013. Decided October 2, 1947. (185 P. 2d 256.)

**38**

See 17 C. J. S., Contempt, sec. 71. Necessity of affidavit or sworn statement as foundation for constructive contempt, see note, 2 A. L. R. 225. See, also, 12 Am. Jur., 435. Writ of prohibition, see comment, note 77 A. L. R. 245. See, also, 42 Am. Jur. 141.

*Edward W. Clyde,* of Salt Lake City, for plaintiff.

*Ira A. Huggins,* of Ogden, for defendants.

LATIMER, Justice.

Petitioner instituted original proceedings in this court to prohibit defendant Judge of the City Court of Ogden City, Utah, from enforcing a certain judgment holding petitioner in contempt of court and sentencing him to a fine or term in jail.

The facts out of which this controversy arose are these: Petitioner had appeared in the City Court of Ogden City to answer a criminal charge of disturbing the peace. Defendant judge heard the matter, petitioner was found guilty, and ordered to pay a fine or in the alternative to serve a jail sentence. Petitioner then left the court-house and about one-hour later returned to the office of the city attorney to pay the fine. He was directed to go to the office

of the desk sergeant, which was located on the ground floor of the same building. The defendant judge had recessed court and was preparing to leave the building. The judge and petitioner arrived at the elevator shaft on the fifth floor of the building about the same time, both waiting for the elevator and as they stepped on, the petitioner made the following statement:

"That is the worst example of a Kangaroo Court I have ever seen."

The judge overheard it, took the petitioner by the arm, escorted him to the office of assistant city attorney and directed the assistant city attorney and the clerk of the court to accompany both himself and the petitioner to the courtroom. The judge then took off his hat and coat, convened the court, found the petitioner guilty of contempt for having made the remark, and imposed sentence.

A reference to the applicable statutes and cases in respect to contempts and procedure for punishing, if committed, will suffice to dispose of this proceeding. Section 104-45-1, U. C. A., 1943, enumerates acts and omissions constituting contempt. The substance of the sections applicable here are: (1) That disorderly, contemptuous or insolent behavior *toward the judge while holding the court* tending to interrupt the due course of trial or other judicial proceeding are contempts of the authority of the court, and (2) Any other unlawful interference with the process or *proceedings of the court* are likewise contemptuous acts.

The facts of this proceeding do not bring the petitioner under the first quoted subsection. Admitting, if necessary, that petitioner's behavior was contemptuous or insolent, it was expressed while the judge and petitioner were either in the elevator or just about to enter it. The judge was not holding court, he had already adjourned the morning session, he was on his way out of the building, and no trial or other judicial proceedings were then in progress.

There is grave doubt that petitioner's conduct was such as to constitute a violation of the second provision of the

statute quoted herein. The rule announced by the Supreme Court of the United States and by this court is that criticism after final disposition of an action is the ■ exercise of the right of free speech and therefore not contemputuous. See *Bridges* v. *State of California*, 314 U. S. 252, 62 S. Ct. 190, 86 L. Ed. 192, 159 A. L. R. 1346; *Kirkham* v. *Sweetring*, 108 Utah 397, 160 P. 2d 435. In view of our decision on the other aspect of this case, it is not necessary to comment on the contention that the behavior of the petitioner went beyond the limits of criticism.

Section 104-45-3, U. C. A., 1943, provides the procedural steps necessary to be taken by the court to adjudge an accused guilty of contempt:

"When a contempt is committed in the immediate view and presence of the court, or judge at chambers, it may be punished summarily, for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as prescribed in section 104-45-10. *When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented* to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators or other judicial officers." (italics ours.)

It can thus be seen that one accused of contempt cannot be punished summarily except the offense be committed in the presence of the court or judge at chambers. Under the facts of this case, it can be said the offense was not committed in contravention of the first part of ■ this section. In some instances it is difficult to determine when a judge is "at chambers," but this phrase can only reach far enough to protect him when he is still clothed with the official duties of his office. The phrase cannot be extended to cover his activities when his status has reverted back to that of a private citizen. To hold otherwise, would protect the judge as an individual, under all circumstances, from comment or criticism. This is not the theory or purpose of contempt statutes. Their purpose is to protect litigants and the public from the mischievous danger of an unfree and coerced tribunal.

The pleadings in this action fairly establish that the judge had finished his session of court for the morning, had recessed his court and was not in the performance of his official duties as a judge of the court. Under these circumstances we hold the latter part of Section 104-45-3 prevails and that an initiatory affidavit was necessary to confer jurisdiction on the court. The mere fact that the judge overheard the remark is not sufficient to do away with the procedural prerequisite. Petitioner is still entitled to be informed of the charge against him, still permitted to plead to the charge, to have representation by counsel of his own choosing, and still afforded the right to be heard.

It is necessary, in all proceedings for contempts which are not committed in the presence of the court, in order to give the court jurisdiction, that an affidavit or affidavits be presented to the court stating the facts constituting contempt. *Young* v. *Cannon*, 2 Utah 560; *Crowther et al.* v. *District Court of Salt Lake County*, 93 Utah 586, 54 P. 2d 243; *Jones* v. *Cox*, 84 Utah 568, 37 P. 2d 777. A contempt proceeding is separate and apart from the principle action and in order for the court to acquire jurisdiction of the offense when committed, as here, it is necessary that an affidavit or initiating pleading be filed. Unless this is done, subsequent proceedings are palpably null and void.

The affidavit takes the place of the complaint, and whether the contempt be regarded as civil or criminal, when not committed in the presence of the court or the judge in his chambers, the court is without jurisdiction to proceed until a pleading of some nature has been served on the accused and filed with the court. One of the purposes for an affidavit is to advise the defendant of the particular facts of which he is accused so that he may properly defend against the charge or offer such extenuating and justifiable circumstances as the facts may warrant. That petitioner was not afforded these rights and others

granted him by the constitution and statutes of this state is certain.

The defendant judge contends that a writ of prohibition should not issue in this action because petitioner has a plain, speedy and adequate remedy by appeal. This contention cannot be sustained for the reason that adequacy is not determined by the fact that an appeal will lie, but rather whether an appeal from the judgment is adequate for the purpose intended. The ordinary remedy available must be adequate to the exigency of the situation.

There is no general rule by which the adequecy or inadequacy of a remedy can be ascertained, but the question is one to be determined upon the facts of each particular case. This is a criminal contempt and petitioner faces a penalty of a fine or imprisonment. The city court clearly did not have jurisdiction, and no appellate court could acquire it. The same rule should apply as in the case of a city court proceeding to prosecute a defendant without a complaint being filed. In either event, any and all subsequent proceedings are void and of no force and effect. To require a litigant to defend himself in a criminal matter when no charge has been filed is demanding that an accused assume an unreasonable and unwarranted risk. No citizen should be imprisoned or required to pay a fine when the proceedings, from the inception, are void. Neither should he be left to his right of appeal. Assuming that an appeal to the district court permits a dismissal or a trial de novo, the petitioner must still put up a bail bond to stay the execution of the sentence and this may not be possible. Not having been informed against, there would be no pleading in the district court and no way for the petitioner to legally know the nature and cause of the accusation against him. One might as well say that the court could, from the bench, inform a person he was guilty of burglary and sentence him to jail. In both instances the accused has been told the nature of the offense but not in the manner or the way required by the constitution and statutes of this state. Section 12, Article I, of the Constitution of the State

of Utah gives to an accused in a criminal action the right to demand the nature and cause of the accusation against him and to have a copy thereof. Section 104-45-3, U. C. A., 1943, grants this same right to an accused in contempt proceedings when committed as in this proceeding.

One of the earliest cases decided by this court, *People* v. *Carrington*, 5 Utah 531, 17 P. 735, held that prohibition was appropriate to prohibit a commissioner from proceeding with a contempt hearing. The question of the adequacy of appeal was discussed and held to be inadequate. True, in that action, the matter had not proceeded to judgment, while in this one the court has already pronounced sentence. There can be little, if any, difference in the adequacy as between the cited case and this one. Any judgment and sentence pronounced by the court in this case is a nullity, and the petitioner should not be required to carry the burden of an appeal to the district court and suffer whatever indignities may arise therefrom; and in the event he is unable to post a bail bond, "sweat out" his sentence while his appeal is pending. It matters not whether the jail sentence is for a long period or a short period, or the fine large or small. The inadequacy of appeal is the same in all instances. It may be more difficult for a poor man to obtain a small bail bond than a wealthy man a large one. Be that is it may, the city court did not acquire jurisdiction of this offense, and in view of the fact that in an appeal from a city court to the district court jurisdiction is derivative, the district court could not acquire jurisdiction. The judgment as imposed might result in petitioner's incarceration, and he is entitled to be relieved of the vexation, the hazards, injury, and cost of the proceedings at the earliest possible moment. He should not be subjected to immediate injury or hardship when as here, the city court did not have, and the appellate court cannot acquire, jurisdiction to proceed.

Mr. Ferris, in his text Extraordinary Legal Remedies, announces the following doctrine: Paragraph 322, page 434.

"\* \* \* In some jurisdictions it is held that the remedy by appeal, or in the ordinary course of the law, is the true test in all cases, and not the mere question of jurisdiction or lack of jurisdiction; that this is a principle which lies at ,the very foundation of the law of prohibition. However, if want of jurisdiction is disclosed on the face of the petition, that is, when it clearly appears that the inferior court has no jurisdiction of the subject matter, or of the parties, then the writ may be awarded notwithstanding respondent may have jurisdiction in proper cases. This is so for the obvious reason that if such a proceeding should be permitted to go to judgment it would not support an appeal, for it would be coram non judice. Whenever it appears that under no conceivable circumstances could the inferior court render a valid judgment because of a lack of jurisdiction, such as defective service, it would seem that the discretion should be exercised in favor of issuing the writ, to the end that litigants may be saved the needless trouble and expense of prosecuting their litigation to a fruitless judgment. It should be remembered, that even though there be another legal remedy, the issuance of the writ may still be regarded as discretionary, at least to the extent of determining whether the remedy is adequate."

The issuance of the writ is discretionary and under the peculiar facts of this case, particularly with respect to the complete absences of jurisdiction over either the person or the petitioner or of the offense claimed, it is believed our discretion should be exercised in favor of making the writ permanent.

We desire to pass on the contention of counsel for petitioner that his relief by appeal is inadequate because this court issued an alternative writ of prohibition and relying on this petitioner permitted his time for appeal to expire. If litigants elect to request this court to issue temporary writs pending final determination of the issues, their rights to relief, if any, are based on the allegations of their petition at the time it is filed. It is difficult to understand how an allegation can be made that a plain, speedy, adequate remedy does not exist based on something to happen in futuro. To clarify any doubt about the existence of such a rule of law, it can be definitely stated that the issuance of a temporary writ by this court cannot be interpreted as any indication of the ruling on the final determination. If litigants ask for extraordinary writs and permit other rights to expire, they do so at their peril.

The alternative writ heretofore issued is made permanent. Each party to bear his own costs.

McDONOUGH, C. J., and WADE, J., concur.

WOLFE, Justice.

I concur in the view of the prevailing opinion that the city court never acquired jurisdiction because the statutory procedure requisite to vest the court with jurisdiction was never followed. However, mere want of jurisdiction is not alone sufficient to entitle a petitioner to a writ of prohibition. It has been generally held in this court, and in many other jurisdictions as well, that prohibition will be denied if the petitioner has a plain, speedy and adequate remedy at law. *Ducheneau* v. *Ireland,* 5 Utah 108, 13 P. 87; *Campbell* v. *Durand,* 39 Utah 118, 115 P. 986; *Union Portland Cement Co.* v. *Public Utilities Commission,* 56 Utah 175, 189 P. 593; *Oldroyd* v. *McCrea,* 65 Utah 142, 235 P. 580, 40 A. L. R. 230; *Atwood* v. *Cox,* 88 Utah 437, 55 P. 2d 377; *Van Cott* v. *Turner,* 88 Utah 535, 56 P. 2d 16; *Evans* v. *Evans,* 98 Utah 189, 98 P. 2d 703; *Mayers* v. *Bronson,* 100 Utah 279, 114 P. 2d 213, 136 A. L. R. 698; *Furbreeders Agricultural Coop.* v. *Wiesley,* 102 Utah 601, 132 P. 2d 384; *Washington County* v. *State Tax Commission,* 103 Utah 73, 133 P. 2d 564; and *Olson* v. *District Court,* 106 Utah 220, 147 P. 2d 471. In a few cases we have said that we have discretion as to whether or not we should issue the writ even though there be another remedy at law. *Barnes* v. *Lehi City,* 74 Utah 321, 279 P. 878; *Construction Securities Co.* v. *District Court,* 85 Utah 346, 39 P. 2d 707; *Allen* v. *Lindbeck,* 97 Utah 471, 93 P. 2d 920; *Adolph Coors Co.* v. *Liquor Control Commission,* 99 Utah 246, 105 P. 2d 181.

Generally, our discretion will be directed to the narrower ground as to whether the circumstances are such as to make the appeal a plain, speedy and adequate remedy, but I am not prepared to say that our discretion may not go so far as to permit us to grant the permanent writ in those cases where lack of jurisdiction is palpable even though it may

be admitted that there is a plain, speedy, and adequate remedy. I realize that minds may differ as to what is palpable lack of jurisdiction but I think it would exist in cases where no competent legal mind would maintain that jurisdiction existed. Where the case was one where competent legal minds could differ on the question of jurisdiction then certainly, if there is unquestionably a plain, speedy and adequate remedy the writ ordinarily should not issue. In some cases we have issued a temporary writ and later, on argument upon the case, made the writ permanent even though there was in the particular case an adequate remedy by appeal. *See Broadbent v. Gibson,* 105 Utah 53, 140 P. 2d 939. In that case our discretion was influenced by the public importance and interest in the question involved and the fact that the defendant was threatened by embarrassment of a repetition of prosecution for every alleged violation of the Sunday closing law.

I borrow from my article entitled "The Use of the Writ of Prohibition in the State of Utah as a Means of Intermediary Review" published in Vol. XVI of the Utah Bar Bulletin, Nos. 8, 9, 10, p. 113, in which most of the Utah cases touching on prohibition were treated. It was therein concluded that:

(1) If the lower tribunal is without jurisdiction or is proceeding in excess of its jurisdiction *and* there is no adequate remedy, the writ should issue as a matter of right.

(2) If the lower tribunal is proceeding without jurisdiction, but it appears that there is an adequate remedy, the writ should generally not issue, but the court is not entirely without discretion. *Allen v. Lindbeck,* supra.

(3) If the lower tribunal has jurisdiction but it appears that by an erroneous order it has placed one party in a position where he will be irreparably injured and that he has no adequate remedy to prevent the injury or retrieve his loss, then the court may in the exercise of its sound discretion use the writ as a procedure for intermediate review. *Atwood v. Cox,* supra; *Mayers v. Bronson,* supra.

(4) If there is no want or excess of jurisdiction and there is an adequate remedy, the writ should never issue. *Olson* v. *District Court*, supra.

Rules (1) and (4) are absolutes. Rules (2) and (3) are guides.

Since, as heretofore noted, the city court was without jurisdiction, the first question which must be determined is whether or not the petitioner had a remedy by way of appeal. For a time, I entertained a doubt as to whether the right to fine or punish for *criminal* contempt, being a right inherent in the very constitution of the court to preserve its diginity and authority, was appealable. For the above reason I had a doubt as to whether the constitutional or statutory provisions granting a right of appeal from all judgments in civil and criminal cases were meant to apply to judgments of criminal contempt which by the common law were in a class by themselves. After more mature study, I have concluded that such judgment is appealable. Since appealability has heretofore been presumed, but the *bases* never definitely set out in any opinion issuing from this court, I have deemed it advisable to set forth briefly the reasons for my conclusions in that regard.

The common law did not permit a proceeding for contempt to be reviewed by a higher court upon appeal or error proceedings. 2 Am. Jur. 919, Appeal and Error, Sec. 118; *Kelly* v. *Montebello Park Co.*, 141 Md. 194, 118 A. 600, 28 A. L. R. 33; *Heinze* v. *Butte & Boston Consol. Min. Co.*, 9 Cir., 129 F. 274; 63 C. C. A. 388; 28 A. L. R. 48 n., *Ex parte Whitmore*, 9 Utah 441, 35 P. 524; *Ex parte Sturm*, 152 Md. 114, 136 A. 312, 51 A. L. R. 356; *Cooper et al.* v. *People ex rel Wyatt*, 13 Colo. 337, 373, 22 P. 790, 6 L. R. A. 430; *Vilas* v. *Burton*, 27 Vt. 56; *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 157 N. E. 693; *Easton* v. *State*, 39 Ala. 551, 87 Am. Dec. 49; *State* v. *Galloway et al.*, 5 Cold. 326, 45 Tenn. 326, 98 Am. Dec. 404; *State* v. *Knight*, 3 S. D. 509, 54 N. W. 412, 44 Am. St. Rep. 809; 2 Bishop on Criminal Law, 9th Ed., Sec. 268; 22 Am. St. Rep. 417 n. This list of authorities might be extended indefinitely.

Prior to the adoption of the constitution of this state, the common law rule was followed in this jurisdiction by the territorial court. In *People* v. *Owens*, 8 Utah 20, 28 P. 871, and *In re Whitmore*, 9 Utah 441, 35 P. 524, it was held that judgments of criminal contempt were not reviewable on appeal. Both of these cases were qualified by statements that contempt judgments were not appealable *unless specially authorized or allowed by statute.*

The right of review in this country has been gradually extended by judicial legislation or by statute, until now, generally, judgment in contempt may be reviewed by appeal or error proceedings in most of the states. 2 Am. Jur. 919, Appeal and Error Sec. 118; 28 A. L. R. 59 n.; 2 Bishop *op. cit.* Sec. 268. In a few jurisdictions the right of review by way of appeal or writ of error is expressly given by statute. 28 A. L. R. 63 n.; *Cooper et al.* v. *People ex rel. Wyatt,* supra; *State* v. *Knight,* supra.

In *Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324, 24 S. Ct. 665, 48 L. Ed. 997 in an illuminating opinion by Mr. Justice Brewer, the history of the reviewability of contempt proceedings in the federal courts was traced.

Art. VIII, Sec. 9, Constitution of Utah, provides, in part, as follows:

"* * * Appeals shall * * * lie from the final judgment of justices of the peace in * * * *criminal* cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; * * *." (Italics mine.)

Sec. 20-4-18, U. C. A. 1943, provides that:

"* * * From any final judgment an appeal may be taken by * * * the defendant in a criminal case to the district court of the county, in the manner and with the same effect as provided by law for * * * appeals from justices' courts in similar cases."

The question is whether the constitutional and statutory provisions above quoted abrogated the common law rule and permitted appeals from contempt judgments of the city courts.

In *Snow* v. *Snow,* 13 Utah 15, 43 P. 620, decided one month after admission to statehood, the court held that civil contempts were appealable, but by dictum implied that the common law rule was still applicable to criminal contempts. In *Herald-Republican Pub. Co. et al.* v. *Lewis,* 42 Utah 188, 129 P. 624, this court granted certiorari to review contempt proceedings in the district court on the grounds that *although the judgment was appealable, the time for appeal had expired.* In *Re Thomas et al.,* 56 Utah 315, 190 P. 952, a contempt proceeding in the district court was reversed by us on appeal. The court did not discuss the question of whether the judgment was appealable, apparently assuming that it was.

In *Foreman* v. *Foreman,* 111 Utah 72, 176 P. 2d 165, an appeal from a judgment of criminal contempt was dismissed on the ground that, since the contempt was criminal, the state was a party, and the appellant failed to serve a notice of appeal upon any of the state's attorneys. We assumed that the judgment was appealable, but did not discuss the question.

From the foregoing review, I conclude that in this jurisdiction, in line with the modern trend of authority, a judgment of criminal contempt is a final judgment in a criminal action, and is appealable as such. It is true that most of the foregoing cases involve reviews of proceedings in the district court. However, if contempt judgments of the district court are reviewable on appeal, similar judgments of city courts must, *a fortiori* be appealable.

But even though there was an adequate remedy by way of appeal, we still have, as pointed out in the beginning of this opinion, discretion as to whether the writ should issue, where the lower tribunal has palpably acted outside its jurisdiction. I think this is a case where our discretion ought to be exercised in favor of granting the writ.

I can see no good reason why proceedings carried on palpably without jurisdiction should not be halted at the threshold by a writ of prohibition rather than permitted to run their course in the lower tribunal and then putting

the party who should never have been subjected to the proceedings to the trouble and expense of taking an appeal.

For the foregoing reasons I concur.

PRATT, Justice (dissenting).

Has petitioner a plain, speedy and adequate remedy by appeal?

I invite attention to the following quotation from *Mayers* v. *Bronson et al.,* 100 Utah 279, at page 280, 114 P. 2d 213, at page 217, wherein Mr. Justice Wolfe, speaking of the case of *Crowther* v. *District Court,* 93 Utah 586, 54 P. 2d 243, has this to say:

"Certainly they would be in no better position if they brought prohibition than if they submitted to sentence and appealed. If this court had entertained the writ of prohibition and they had won, they would have likewise won if they had submitted to sentence, and appealed and won. * * * The writ of prohibition was no more adequate in such case than appeal, because in either case the matter had gone to a point where they could try their rights only at their peril. * * * But where prohibition is no more adequate than appeal, the petitioners will be relegated to the latter." (This *Mayers* case appears along with others in an A. L. R. Annotation on prohibition against contempt. 136 A. L. R. 698—Annotation as to adequacy of appeal, 136 A. L. R. page 715.)

In the present case, assume petitioner took an appeal to the District Court from the adjudication of contempt— What relief would have been available to him? The prevailing opinion expresses the thought that as the City Court had no jurisdiction the District Court could acquire none on appeal. That is not exactly correct. The appellate court would acquire sufficient jurisdiction to determine that the City Court did not have jurisdiction. In support of this last statement I invite attention to section 105-57-44, U. C. A., 1943, which covers appeals from justice courts, and which appellate practice is made applicable to city court appeals by section 20-4-14 and 18, U. C. A., 1943.

Section 105-57-44 reads as follows:

"The complaint, on motion of defendant, may be dismissed upon the following grounds: (1) That the justice did not have jurisdiction of the offense. (2) That more than one offense is charged therein. (3) That the facts stated do not constitute a public offense."

This section, by the way, is not the section applicable to dismissal of appeals which reactivate the judgment of the lower court. (See Section 105-57-43, U. C. A. 1943.)

If then petitioner had taken his appeal to the district court, he could by motion, founded upon Par. (1) of section 105-57-44 raise exactly the same question that is raised before us—the question of the jurisdiction of the lower court. The dismissal contemplated by section 105-57-44 is not merely a dismissal of the appeal, such as is contemplated by section 105-57-43, but is a dismissal of the action, leaving nothing standing against petitioner in either court. The fact that no complaint (or affidavit) was filed against petitioner as a foundation for the contempt proceeding would not defeat the application of section 105-57-44. The sense of the section is that the action may be dismissed when it shows a lack of jurisdiction in the lower court.

We have then an issue before us which clearly falls within the cited quotation from the case of *Mayers* v. *Bronson*. Nothing is accomplished by the proceedings by writ, which could not be accomplished by the appeal. It might even be said that there was some advantage in the appeal. Suppose we denied prohibition on the merits—that would end it unfavorably for petitioner. On the other hand suppose the district court denied the motion founded upon section 105-57-44 petitioner would still have a chance to defeat the case in a trial de novo.

We should not lose sight of the difference between dismissing the appeal under section 105-57-43 because of some imperfection in taking the appeal, and the dismissal of the action after proper appeal, but by reason of a lack of jurisdiction of the subject matter of the complaint and under section 105-57-44 (1).

This simmers the case down to the question of whether or not the fact that the accused might have to go to jail for

inability to furnish bail or furnish an undertaking on appeal for his appearance, will justify the issuance of the writ in question.

If the question be one of expense incident to such requirement it is not sufficient ground. *Mayers* v. *Bronson*, supra; *State ex rel. Peterson* v. *Superior Court*, 67 Wash. 370, 121 P. 836; and *State ex rel. Board of Commissioners of King County* v. *Superior Court*, 73 Wash. 296, 131 P. 816. (Both the Washington cases are cited and quoted with approval in the Mayers case.)

Furthermore our courts have inherent power to stay execution of sentence to enable the litigant to perfect his appeal; and we should assume that the court would exercise that right to enable accused here to have the proceedings reviewed. *People* v. *Blackburn*, 6 Utah 347, 23 P. 759; *In the Matter of Flint*, 25 Utah 338, 71 P. 531, 95 Am. St. Rep. 853; *Reese* v. *Olsen*, 44 Utah 318, 139 P. 941; *Williams* v. *Harris, Warden*, 106 Utah 387, 149 P. 2d 640.