296 P.2d 283

LaMar ANDERSON, Plaintiff,

v.

Honorable Clarence E. BAKER, Judge of the Third Judicial District Court, in and for Salt Lake County, and George Beckstead, Sheriff, Defendants.

No. 8420.

Supreme Court of Utah.

April 17, 1956.

As Amended July 17, 1956.

Woodruff C. Gwynn, Salt Lake City, for defendants.

WAHLQUIST, District Judge.

Petitioner instituted original proceedings in this court to prohibit the defendants, judge and sheriff from enforcing an order of the defendant judge in which the petitioner was adjudged in contempt and sentenced to 30 days in the county jail.

The facts out of which the controversy arose are these: The petitioner and Florence J. Anderson were divorced on September 26, 1949, in the Third District Court. The decree awarded custody of the four minor children of the parties to the plaintiff. The children ranged in age from 4 to 11 years at the time of the divorce.

Regarding support for the children, the decree provided:

"And it is further ordered that the provisions of said stipulation and each any every one of them, be and the same hereby are incorporated into this decree by this reference and made a part hereof and that each of the said parties receive the respective shares agreed upon therein and that each perform the respective obligations imposed upon each therein and that the support of the minor children of the parties *be paid as provided therein.*" (Emphasis added.)

Fred L. Finlinson, Salt Lake City, for plaintiff.

The stipulation referred to proved in part:

"It is further agreed that the one-half of the net sales price of this property hereby and herewith given to the defendant, LaMar Anderson, shall be placed in trust with a trust company located in Phoenix, Arizona, the name of which to be mutually agreed upon and selected by the parties hereto, and that said one-half (½) of net sales price, less the cost of disbursements and handling of the same to be paid by said trust company, is to be paid directly to the said Florence Anderson at the rate of Two Hundred Fifty Dollars ($250.00) per month for the purpose of providing support money for the minor children of the parties. That said payments of Two Hundred Fifty Dollars ($250.00) shall be made until the said one-half of said net sales price has been paid to the plaintiff herein. *When said one-half of said net sales price of said property has been fully paid to the plaintiff as herein provided, the defendant, LaMar Anderson, shall then commence to pay to the plaintiff, Florence Anderson, the sum of Two Hundred Dollars ($200.00) per month for the care, support and maintenance of the minor children herein.*" (Emphasis added.)

The real property referred to is in the nature of motel rental units, and the value of it is unknown to this court. The prop-erty still remained unsold but the petitioner made some payments to his former wife for child support.

On or about the 11th day of August, 1952, about three years after the divorce, the wife brought a petition for an order to show cause in which she alleged:

*"That pursuant to said decree plaintiff was awarded $200.00 per month for the care, support and maintenance of the minor children of the parties.* That since the entering of said decree, and up to and including the 10th day of August, 1952, there was due and owing to plaintiff, under the said decree, for the support, care and maintenance of the minor children of the parties, the sum of $7,000.00" (Emphasis added.)

The order to show cause issued. The husband cross petitioned and alleged:

"Defendant alleges that under the decree *payments for support are not due to the plaintiff at this time* since the decree provides that a certain property was to be sold by either of the parties and one half of the net proceeds of the sale applied to the support of the children at the rate of $250.00 per month, and that such property has not been sold." (Emphasis added.)

The cause was heard and argued before the court on August 22, 1952, and four days later the court entered its findings in part as follows:

*"That under the terms of the divorce decree heretofore entered in the above*

entitled action the defendant was ordered to pay to plaintiff for the support and maintenance of the four minor children of the parties the sum of $200.00 per month, i. e., $50.00 for each minor child; that there has accrued as such support money up to and including August 10, 1952, the sum of $7,000.00, of which amount the defendant has paid $2,515.59; that there is now due and owing to plaintiff by defendant back support money in the sum of $4,484.41." (Emphasis added.)

At the same time the court made its order and decree as follows:

"2. That the property described in paragraph 3, subsection (c) of the Stipulation and Agreement *specifically incorporated in the divorce decree be sold as soon as possible.* (Emphasis added.)

"3. *That defendant is hereby found in contempt of court and sentenced to serve 30 days in the County jail for his wilfull failure to comply with the decree of the court;* that said sentence is hereby suspended upon defendant's compliance with the following conditions: That defendant pay to plaintiff the sum of $300.00 per month commencing on the 1st day of September, 1952, and payable on the 1st day of each and every month thereafter until the further order of the court; said payments to be made at the office of the clerk of Salt Lake County and to be allocated as follows: $200.00 per month as current support money and $100.00 per month to apply on the back support money." (Emphasis added.)

The husband now contends that this finding was patently unjustified because the original divorce decree approved the parties' stipulation, and it provided that the husband's obligation to pay support money was to *commence* only after the real property was sold and the husband's share of the proceeds exhausted and that such sale has never occurred. The wife alleges that the stipulation and original divorce decree anticipated an immediate sale of the real property, an event that has never occurred, and that the general terms of the stipulation and original decree were that the husband would pay $50 per month for the support of each child, but he would be relieved of so doing so long as his share of the proceeds from the sale of the property provided the child support, and that inasmuch as this special source of support has never materialized that the general provision for child support should govern.

The court below had these contentions before it and apparently accepted the wife's assertions as correct, though he did not spell out his views in his findings. We do not pass on the merits of that ruling. The fact that the court below had jurisdiction over the parties and jurisdiction to interpret the stipulation and original decree must be recognized. Any error that may be present does not concern lack of jurisdiction. The

husband could have appealed from the order on the petition for the order to show cause and cross petition, but did not do so. Instead, for six months he obeyed the order of the court. On February 10, 1953, he defaulted and his commitment to jail was ordered. Being thus threatened with a jail sentence, he quickly made up his default in his child support payments, and continued to support his children for approximately an additional four months. On May 1, 1953, the husband petitioned the Third District Court to vacate its prior order. The petition was heard on September 12, 1953; on February 5, 1954, the defendant judge dismissed the petition. The husband appealed that ruling, but not until after his appeal time had expired. This court dismissed the appeal on the ground it was not timely.[1]

The husband now petitions this court under Rule 65B of the Rules of Civil Procedure for the State of Utah for a writ of prohibition. A temporary order was issued preventing the husband's incarceration until the matter could be disposed of.

Rule 65B, supra, abolished the special form of the extraordinary writs but preserved the possibility of the general substitutive relief formerly granted by use of the extraordinary writs; one of which was the writ of prohibition.

An extraordinary writ is not a proceeding for general review, and cannot be used as such.

The early Utah decisions on the use of the extraordinary writ of prohibition in general are reviewed in Olsen v. District Court, Second Judicial Dist., in and for Davis County, 106 Utah 220, 147 P.2d 471; and again in Robinson v. City Court for City of Ogden, Weber County, 112 Utah 36, 185 P. 2d 256, 261. The scope of the writ has been expanded somewhat beyond its common law use. Justice Wolfe, in a concurring opinion in Robinson v. City Court for City of Ogden, supra, referred to an article he had written earlier for the Utah Bar Bulletin in which he summarized the Utah cases touching on the writ of prohibition and stated:

"(1) If the lower tribunal is without jurisdiction or is proceeding in excess of its jurisdiction *and* there is no adequate remedy, the writ should issue as a matter of right.

"(2) If the lower tribunal is proceeding without jurisdiction, but it appears that there is an adequate remedy, the writ should generally not issue, but the court is not entirely without discretion. Allen v. Lindbeck, supra [97 Utah 471, 93 P.2d 920].

"(3) If the lower tribunal has jurisdiction but it appears that by an erroneous order it has placed one party in a position where he will be irreparably injured and that he has no adequate remedy to prevent the injury or retrieve his loss, then the court may in

1. See Anderson v. Anderson, 3 Utah 2d 277, 282 P.2d 845.

the exercise of its sound discretion use the writ as a procedure for intermediate review. Atwood v. Cox, supra [88 Utah 437, 55 P.2d 377]; Mayers v. Bronson, supra [100 Utah 279, 114 P.2d 213, 136 A.L.R. 698].

"(4) If there is no want or excess of jurisdiction and there is an adequate remedy, the writ should never issue. Olson v. District Court, supra [106 Utah 220, 147 P.2d 471].

"Rules (1) and (4) are absolutes. Rules (2) and (3) are guides."

The case before us is of a new category. Here the court below had jurisdiction of the parties and the subject matter. There was a right of appeal that was, if timely used, an adequate remedy at law. The right of appeal expired and now the petitioner complains of error.

■ If there was once an adequate remedy by an appeal and the party permits it to lapse, he does so at his peril. Robinson v. City Court for City of Ogden, supra. Certainly to hold that extraordinary writs will issue to review because there is error, would largely be destroying the rules requiring timely appeal. Probably no better example of the public need that litigation be settled, and accepted as settled, as quickly as possible can be found than in the very type of cause before us. This situation concerns the support of four minor children who have lived about six years while parents and lawyers argue, and judges ponder, as to what a six-year old decree means,

if a three-year old interpretation of it was erroneous, and if in fact the father has yet owed any child support.

■ This court issued an extraordinary writ (certiorari) to review where there had been an adequate remedy by appeal that had lapsed in McMillan v. Forsythe, 47 Utah 571, 154 P. 959. There the fact that an unjust judgment had been granted against the petitioner was fraudulently concealed by a justice of the peace and a litigant until after the time for appeal had passed and an execution issued. Attendant equitable consideration in that case is not precedent for granting this petitioner relief at this late date. This petitioner not only knew of the order complained of but had complied with it for a time, and innocent persons relied on the order.

The temporary writ heretofore issued is recalled and application for a permanent writ is denied. However, in consideration of the time that has elapsed since the petitioner was adjudged in contempt, and in view of the children's need for support, the cause is remanded to the court below where the equity of confining the petitioner pursuant to the judgment for contempt is to be determined and action taken on that determination.

Cost to respondent.

McDONOUGH, C. J., and A. H. ELLETT, District Judge, concur.

WADE and WORTHEN, JJ., concur in the result.

CROCKETT and HENRIOD, JJ., having disqualified themselves do not participate herein.