437 P.2d 684

Celeste BOTT, Plaintiff and Appellant,

v.

Mary Turner BOTT, Defendant and Respondent.

No. 10992.

Supreme Court of Utah.

Feb. 19, 1968.

Paul N. Cotro-Manes, of Cotro-Manes & Cotro-Manes, Salt Lake City, for appellant.

Mary C. Lehmer, Ronald N. Boyce, Salt Lake City, for respondent.

ELLETT, Justice:

The parties hereto were divorced in July, 1966, after a four-year marriage. This was the third marriage for appellant and the fourth for respondent. The trial court in the decree divided the property between the parties and ordered Mr. Bott to pay Mrs. Bott $2400 at the rate of $200 per month.

On June 7, 1967, Mrs. Bott caused an "Order to Show Cause in Re Contempt" to be signed by the simple expedient of presenting such an order to the district judge. No affidavit was made that Mr. Bott had failed to comply with the prior decree of the court. The order recited, among other things, that Mr. Bott appear on June 21, 1967, at 9:00 A.M. and show cause why he should not be found in con-tempt of court for having wilfully failed to comply with the decree of court hereto-fore entered. It was served on him June 16, 1967, which was a Friday. This was five days prior to the date set for hearing.

Mr. Bott appeared without counsel and participated in the proceedings. After tak-ing evidence the court found that neither of the parties had lived up to the decree and after adjusting accounts between them determined that Mr. Bott had wilfully failed to pay Mrs. Bott $1505 as of May 31, 1967. The court then found Mr. Bott to be in contempt of court and sentenced him to serve five days in the county jail of Salt Lake County.

One assignment of error made by appellant is that he was not given the proper time between service of the order and hearing thereon. He relies upon Rule 6(a) and (d) of our Rules of Civil Procedure:

Rule 6(d) is as follows:

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. * * *

Rule 6(a) provides:

* * * When the period of time pre-scribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. * * *

It is obvious that Rule 6(d) above refers to motions made to the court and served

upon the opposing party. It does not refer to orders made by the court. That rule provides " * * * unless a different period is fixed * * * by order of the court." The court has fixed a different period when the document signed by the court orders a party to be and appear at a time certain.

This assignment of error is without merit.

■ Complaint is also made that the court did not advise Mr. Bott of his right to counsel. This was a civil matter involving a civil contempt, and the court was not required to advise Mr. Bott about counsel. The record shows that the court was very considerate of Mr. Bott and assisted him in cross-examining Mrs. Bott.

There was no error in connection with this claim.

■ Another assignment of error is that since no affidavit was submitted to the court as a basis for contempt proceeding, the court had no jurisdiction to determine that appellant was in contempt.

Section 78–32–3, U.C.A.1953, states:

* * * When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators or other judicial officers.

The construction of this statute was before this court in the case of Robinson v. City Court, 112 Utah 36, 185 P.2d 256. At page 41 of the Utah Reports, 185 P.2d at page 258 it was said:

It is necessary, in all proceedings for contempts which are not committed in the presence of the court, in order to give the court jurisdiction, that an affidavit or affidavits be presented to the court stating the facts constituting contempt. [Citations omitted.] A contempt proceeding is separate and apart from the principle [sic] action and in order for the court to acquire jurisdiction of the offense when committed, as here, it is necessary that an affidavit or initiating pleading be filed. Unless this is done, subsequent proceedings are palpably null and void.

The affidavit takes the place of the complaint, and whether the contempt be regarded as civil or criminal, when not committed in the presence of the court or the judge in his chambers, the court is without jurisdiction to proceed until a pleading of some nature has been served on the accused and filed with the court. One of the purposes for an affidavit is to advise the defendant of the particular facts of which he is accused so that he may properly defend against the charge or offer such extenuating and justifiable circumstances as the facts may warrant. * * *

We agree with appellant in this regard and reverse that part of the decision where-

in he was held in contempt and sentenced to serve time in jail.

Other assignments of error are made, but they are without merit because under our statutes the court retains jurisdiction of the parties to modify the decree with respect to the distribution of the property. Section 30–3–5, U.C.A.1953. Doe v. Doe, 48 Utah 200, 158 P. 781. Especially should this be true where the parties voluntarily litigate a matter over which the court has jurisdiction.

The decision of the trial court is affirmed except as indicated above regarding the contempt matter. Costs to respondent.

CROCKETT, C. J. and CALLISTER and TUCKETT, JJ., concur.

HENRIOD, J., does not participate herein.