Walter JOHNSON, Plaintiff and Respondent,

v.

Ramona Merritt JOHNSON, Defendant and Appellant.

No. 14647.

Supreme Court of Utah.

March 1, 1977.

Pete N. Vlahos, of Vlahos & Knowlton, Ogden, for defendant-appellant.

Steven C. Vanderlinden, Farmington, for plaintiff-respondent.

HALL, Justice:

The appellant brought an action below on an Order to Show Cause and Declaration in Re Contempt to show why respondent should not be adjudged in contempt for wilfully disobeying the order of the court set forth in a decree of divorce as it pertained to the payment of debts and obligations, utilities, and attorney fees. Respondent filed an affidavit in answer thereto alleging damage sustained to a truck and camper while the same was in appellant's possession and requested a reduction in alimony. The court heard the matter on its merits and made no finding of contempt of the prior order entered by a fellow district judge having concurrent jurisdiction.

The appeal here challenges the validity of the second judge's ruling and asserts the same was in fact an *appellate* ruling which had the effect of nullifying the prior decree of divorce.

The memorandum decision of the trial judge upon which the findings of fact, conclusions of law and decree of divorce were based contains the following generalization:

Plaintiff [respondent here] is ordered to pay all of the outstanding obligations of the parties . . .

The findings of fact prepared by counsel for plaintiff again set forth the outstanding obligation in general terms only, without any specificity and the same generalizations were carried over into the conclusions of law and the decree.

It is further noted that the decree of divorce awarded no attorney fees, hence appellant's claim for such has no validity and the lower court's denial thereof was proper.

■ The evidence offered at the order to show cause hearing was substantially in dispute and in the absence of any specific itemization of the marital debts the court took testimony concerning that issue and it appears he was acting well within established jurisdictional bounds as set forth in the Utah Constitution,[1] and applicable statute [2] which provides for continuing jurisdiction to make subsequent changes or new orders with respect to the support and maintenance or the distribution of property as shall be reasonable and necessary. To hold otherwise would result in chaos, particularly in multi-judge districts where assignments are often altered and the judges frequently move from one division of the court to another. This court has so ruled in a number of instances.[3]

■ It is likewise the law that the judge of one division of the same court cannot act as an appellate court and overrule another judge, but that rule does not apply to this case and the cases cited by appellant are distinguishable on the facts. Here the court was merely called upon to determine what *specific* debts respondent was obligated to pay and it was necessary for him to make that determination on *highly disputed* facts which caused the court to make a record as follows:

> . . . defendant's (appellant) credibility is seriously questioned by the court and the court did not elect to believe the defendant's testimony . . ., and that the *whole picture* is one of post divorce efforts to harass . . . [Emphasis added]

It is clear that the court in no way attempted to review or modify the divorce decree.

The court also made reference to the "clean hands" doctrine which has also been recognized by this court.[4]

■ It is the general rule that a party in contempt will not be heard by the court when he wishes to make a motion or grant a favor. In this case, after a review of the evidence, the court chose not to believe appellant's testimony that she knew nothing about the damage to the truck and camper and concluded she was without "clean hands," and hence not in a position to seek equity and the court was well within the bounds of discretion in dismissing the order to show cause and contempt citation. Incidentally, the court also refused to modify the decree by reducing the amount of alimony as requested by respondent which had the effect of leaving each of the parties as he found them.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

1. Art. VIII, Sec. 7.

2. Utah Code Annotated 1953, Sec. 30–3–5.

3. *In re Estate of Mecham,* 537 P.2d 312 (1975); *Robinson v. City Court for City of Ogden,* 112 Utah 36, 185 P.2d 256 (1947); *Bott v. Bott,* 20 Utah 2d 329, 437 P.2d 684 (1968); *Holbrook v. Holbrook,* 116 Utah 114, 208 P.2d 1113 (1949); *Anderson v. Baker,* 5 Utah 2d 33, 296 P.2d 283 (1956).

4. *Baker v. Baker,* 119 Utah 37, 224 P.2d 192 (1950); and *Peterson v. Peterson,* Utah, 530 P.2d 821 (1974).